411 So.2d 294 (1982)
DEPARTMENT OF LABOR & EMPLOYMENT SECURITY, DIVISION OF WORKERS' COMPENSATION, Appellant,
v.
Curtis VAUGHAN, Lotspeich Interior Contractors and Crum & Forester Insurance Co., Appellees.
No. AD-497.
District Court of Appeal of Florida, First District.
March 22, 1982.
Michael J. Rudicell, Tallahassee, for appellant.
*295 Stephen L. Rosen of Morris & Rosen, Tampa, for appellees.
PER CURIAM.
We reverse the deputy's 1981 order awarding interest at six per cent per annum on payments due but unpaid claimant since 1978 from the Workers' Compensation Trust Fund pursuant to section 440.15(1)(e), Florida Statutes (1981). To partially offset the effects of inflation since the award of compensation benefits in earlier years, that statute directs the Fund to supplement the compensation still to be paid under such an award by adding five percent times the number of years since the date of injury. Tardiness of payment from the Fund cancels to a degree the beneficial purposes of the statute, which the deputy's order attempts to remedy through an additional award of interest. While the purpose may be commended to the legislature, we are bound by the general rule that the State is not liable for interest on its debts unless consented to by act of the legislature or by lawful contract of its executive officers. Treadway v. Terrell, 117 Fla. 838, 158 So. 512 (1935); Department of Revenue v. Goembel, 382 So.2d 783 (Fla. 5th DCA 1980). To characterize the provisions of chapter 440 as for some purposes a "contract" between the employee, employer, and carrier, Sullivan v. Mayo, 121 So.2d 424 (Fla. 1960), does not impose contractual obligations on the Division of Workers' Compensation or on the Fund which it administers. Cf. Division of Labor v. Taylor, IRC Order 2-3189 (1977), cert. den., 358 So.2d 135 (Fla. 1978).
REVERSED.
ROBERT P. SMITH, Jr., C.J., and McCORD and BOOTH, JJ., concur.