418 So.2d 400 (1982)
Andre BAROSY, Appellant,
v.
LANDSCAPE CRANE and Florida Farm Bureau Insurance Companies, Appellees.
No. AJ-262.
District Court of Appeal of Florida, First District.
August 18, 1982.
*401 Jay M. Levy, of Silver, Levy & Hershoff, Miami, for appellant.
Steven Kronenberg, of Adams, Kelley, Kronenberg & Rutledge, Miami, for appellees.
SHIVERS, Judge.
Barosy appeals a workers' compensation order granting the claimant benefits for temporary partial disability benefits but denying an attorney's fee. Although the deputy commissioner determined the carrier handled Barosy's claim in bad faith, he found Barosy suffered no economic loss as required by section 440.34(2)(b), Florida Statutes (1979). The deputy, therefore, denied the claim for attorney's fee. We reverse the order to the extent it denied the claim for attorney's fee.
The record reveals that the deputy commissioner believed the statute required the bad faith handling of the claim to result in an economic loss such as a house foreclosure or a diminished standard of living. The attorney's fees statute, however, is to be liberally construed. Florida Erection Services, Inc. v. McDonald, 395 So.2d 203 (Fla. 1st DCA 1981). Thus, where there is any economic loss due to a bad faith handling of a claim, an award of an attorney's fee is appropriate. The record on appeal demonstrates payment of the claimant's benefits was delayed for a considerable period. This loss of use of the money (TPD benefits), is a sufficient economic loss to justify an attorney's fee.
Accordingly, the order is reversed to the extent it denied an award of an attorney's fee. The deputy commissioner is further cautioned to apply the attorney's fees provisions found in section 440.34, Florida Statutes (1979). The cause is, therefore, remanded to the deputy commissioner with instructions to reconsider the attorney's fee issue and to enter an order consistent with this opinion.
SHAW and WIGGINTON, JJ., concur.