LARRY G. SMITH, Judge.
We affirm the deputy commissioner’s finding of bad faith under Section 440.-34(3)(b), Florida Statutes (1981), because of the employer/carrier’s failure to pay, or to make provisions for paying, hospital and medical expenses incurred in the treatment of the claimant’s compensable injuries.
This court in Greynolds Park Manor v. George, 417 So.2d 990 (Fla. 1st DCA 1982), rejected the E/C’s contention that the E/C had no obligation under the workers’ compensation law, enforceable by the claimant, to pay hospital and medical expenses incurred in claimant’s treatment because these medical expenses had already been paid by the Department of Health, Education and Welfare (Medicare), and Blue Cross. The deputy commissioner’s ruling that the claimant could enforce the E/C’s obligation to pay these expenses, notwithstanding they had already been paid by third parties, was affirmed. However, this court modified the deputy commissioner’s ruling that the E/C pay or reimburse HEW and Blue Cross, and instead, ordered that payment for the medical expenses incurred should be made direct to the claimant, subject to a lien for the benefit of HEW and Blue Cross, and subject also to the requirement that the claimant “shall insure that those entities are properly reimbursed.” Id at 992.
On appeal, the E/C assert that the bad faith award was erroneous for the reasons, first, that there was no evidence of bad faith, and secondly, even if there were, there was no “economic loss” to the claimant as required by the statute. We disagree with each of these contentions, and adopt the reasoning of the deputy commissioner which he expressed in his order, in part, as follows:
2. The Employer/Carrier had conceded claimant was involved in a compensable accident, that particular medical bills previously awarded were authorized and the responsibility of the Employer/Carrier, but objection was made to the actual *487 payment thereof on the grounds that bills were paid by others and that payment thus need not be made by the Employer/Carrier unless those who actually paid the bills in some fashion not evident from the Workers’ Compensation Law can and do proceed to seek and obtain reimbursement. Where the Employer/Carrier refuses to pay benefits for which they are obligated under Workmens’ [sic] Compensation Law without justification such conduct has been held to constitute bad faith under Section 440.34 F.S. Where the Employer/Carrier admits they are obligated for benefits which they nevertheless refuse to pay such conduct is per se bad faith. In order to enforce actual payment of these medical benefits where the Employer/Carrier admits they are owed, but refuses to pay . . . [and it becomes] necessary for claimant to employ counsel to compel the Employer/Carrier to comply with their obligations under the Workers’ Compensation Law, absent payment of attorney’s fees in connection therewith by the Employer/Carrier then the purposes and intent of the Workers’ Compensation Law is completely defeated when even admittedly owed obligations need not be paid.
We note that the employer/carrier presented no evidence to justify its nonpayment of these medical expenses at the hearing scheduled before the deputy commissioner for that specific purpose. We fully concur in the deputy commissioner’s order finding bad faith on the part of the defaulting employer/carrier.[1] Furthermore, with respect to the employer/carrier’s contention that “economic loss” requires actual “out-of-pocket” expenditures by the claimant, we observe that this court has decided to the contrary in Legal Aid Services of Bro-ward County, et al. v. Logsdon, 419 So.2d 1203 (Fla. 1st DCA 1982), in which the court held that a six month delay in payment of a hospital bill provided sufficient basis for a finding of bad faith under the attorney’s fee statute. Our prior decision (417 So.2d 990) established the claimant’s entitlement to a monetary award. We therefore will not presume the absence of an economic interest on the part of the claimant sufficient to meet the statutory “economic loss” requirement.
With respect to appellee’s cross-appeal claiming an insufficiency in the award of attorney’s fees, we affirm the deputy commissioner’s award of attorney’s fees in the amount of $1,564 based upon recovery of medical benefits in the approximate amount of $6,570.
AFFIRMED.
ERVIN and SHIVERS, JJ., concur.

. We have not overlooked appellee’s contentions that the bad faith finding is supported by the employer/carrier’s delay in payment of compensation benefits. Delay in payment of compensation benefits has been held to justify a finding of bad faith. Barosy v. Landscape Crane, 418 So.2d 400 (Fla. 1st DCA 1982). Delay in payment alone, if not for an unreasonable period, or if satisfactorily explained and justified, has been held insufficient for a finding of bad faith. Exceptional Children’s Home and Nursery, Inc. v. Fortuna, 414 So.2d 1130 (Fla. 1st DCA 1982). Our resolution of this case does not require that we consider the delayed payment issue. We note that the deputy commissioner stated in his order that in considering the benefits obtained for the claimant, he did not consider compensation benefits ultimately furnished to the claimant. On the subject of delay, appellee’s brief advises us that the medical expenses for which the employer/carrier have been held responsible are still unpaid, and have remained so for a period of approximately two years.