MILLS, Judge.
Barosy appeals a workers’ compensation order assessing a $1,500 attorney’s fee against the employer/carrier (E/C). We affirm.
In this case, which is now making its second appearance here, the deputy commissioner entered an order finding that the E/C had handled Barosy’s claim in bad faith. However, because he found that Barosy had suffered no economic loss as required by Section 440.34(2)(b), Florida Statutes (1979), the deputy commissioner refused to assess an attorney’s fee against the E/C. Rather, a fee in the amount of $1,500 was assessed against Barosy.
This Court reversed the order to the extent that it denied an attorney’s fee from the E/C in Barosy v. Landscape Crane, 418 So.2d 400 (Fla. 1st DCA 1982). On remand, the deputy commissioner made findings of fact on the issue of a reasonable fee and assessed a $1,500 fee against the E/C in accordance with those findings.
Barosy now contends that the amount of the fee was inadequate. We disagree.
The order clearly shows that the deputy commissioner considered the factors set out in Section 440.34(1), Florida Statutes (1979), and in Lee Engineering & Construction Co. v. Fellows, 209 So.2d 454 (Fla.1968), in arriving at his determination of a reasonable fee.
An award of $1,500 does not represent an unreasonable fee in this case, especially since counsel was responsible for securing only $1,871.99 in benefits for Barosy.
AFFIRMED.
BOOTH and SHIVERS, JJ., concur.