438 So.2d 472 (1983)
WINTER GARDEN CITRUS and Liberty Mutual Insurance Company, Appellants,
v.
Mary PARRISH, Appellee.
No. AP-118.
District Court of Appeal of Florida, First District.
September 22, 1983.
Rehearing Denied October 19, 1983.
Donna L. Bergh of Walker, Buckmaster, Miller & Ketcham, P.A., Orlando, for appellants.
*473 Thomas R. Mooney and Sherry L. Davis of Meyers & Mooney, P.A., Orlando, for appellee.
MILLS, Judge.
In this workers' compensation action, the employer/carrier appeal an order awarding claimant attorney's fees pursuant to Section 440.34(2)(b), Florida Statutes (1979). We reverse.
The claimant, Mary Parrish, hurt her back while working for Winter Garden Citrus. She immediately began receiving temporary total disability benefits. After being notified of claimant's maximum medical improvement, employer/carrier stopped paying temporary total disability benefits and began paying wage loss benefits. Parrish retained Mooney as her attorney. Mooney assisted in filing wage loss claims and eventually made a permanent total disability claim. Although the claimant received rehabilitation services for a short time after her injury, the employer/carrier did not attempt to investigate or rehabilitate further until more than three months after injury.
Before the scheduled permanent total disability hearing, Parrish moved to Alabama. At the initial hearing, the deputy commissioner found that the issue of permanent total disability was not ripe for adjudication. He allowed the employer/carrier 60 days to achieve Parrish's rehabilitation. The employer/carrier voluntarily accepted permanent total disability within 60 days.
After a hearing on attorney's fees, the deputy issued an order finding that the employer/carrier acted in bad faith by not accepting permanent total disability earlier. The deputy awarded $10,000 as a reasonable attorney's fee.
The employer/carrier contend that the claimant did not suffer an economic loss as required by Section 440.34(2)(b). The fact that the claimant received wage loss benefits limited in duration when she should have been getting permanent disability not so limited does not amount to economic loss when the amount of each payment is the same. Recovery under Section 440.34(2)(b) requires a showing of present economic loss.
The deputy commissioner found economic loss based in part on his finding that claimant would have been entitled to supplemental benefits pursuant to Section 440.15(1)(e), Florida Statutes (1979). Supplemental benefits however, could not have been payable until 1 January 1982, the first day of the calendar year following the date of injury and maximum medical improvement.[1] Because the employer/carrier voluntarily *474 accepted claimant as permanently and totally disabled on 6 January 1982, any loss of supplemental benefits is de minimis.
The claimant's obligation to pay for the services of her attorney was not a present economic loss but merely an obligation contingent on the employer/carrier's liability for claimant's attorney's fees under Section 440.34(2)(b).
Although the record reveals that a finding of bad faith was justified, claimant suffered no economic loss and for that reason cannot recover attorney's fees.
For the above reasons, the order of the deputy commissioner is reversed.
LARRY G. SMITH, J., concurs.
ERVIN, C.J., dissents with opinion.
ERVIN, C.J., dissenting.
I respectfully dissent. The record reveals the following:
1. Claimant suffered an industrial accident on June 9, 1980, and shortly thereafter temporary total disability (TTD) benefits were voluntarily paid to her.
2. She reached maximum medical improvement (MMI) on January 27, 1981; TTD benefits were then terminated, and the carrier began paying her wage-loss benefits.
3. A claim was filed seeking permanent total disability (PTD) benefits on June 23, 1981.
4. Claimant was accepted as permanently and totally disabled on January 6, 1982, retroactive to January 27, 1981, the date of MMI.
Although sustaining the deputy's finding of bad faith, the majority reverses the bad faith attorney fee award on the theory that claimant suffered no economic loss as required by Section 440.34(2)(b), Florida Statutes (1979), first, because it considers there was only a de minimus deprivation of the supplemental benefits to which a worker permanently totally disabled is entitled by section 440.15(1), and second, because it determines an employee's obligation to pay attorney's fees does not constitute economic loss as contemplated by section 440.34(2)(b). In my judgment the majority's reasoning is faulty on both counts.
*475 Section 440.15(1)(e) clearly states that "the injured [permanently totally disabled] employee shall receive from the division additional weekly compensation benefits equal to 5% of the injured employee's weekly compensation rate as established pursuant to the law in effect on the date of his injury, multiplied by the number of calendar years since the date of injury, ... ." (e.s.) Nowhere does the statute provide that the supplemental benefits be delayed until the next succeeding calendar year following a claimant's achievement of MMI.
The purpose behind section 440.15(1)'s provision allowing increased compensation to a worker permanently and totally disabled was stated as follows in Department of Labor and Employment Security, Division of Workers' Compensation v. Vaughan, 411 So.2d 294, 295 (Fla. 1st DCA 1982): "To partially offset the effects of inflation since the award of compensation benefits in earlier years, that statute directs the Fund to supplement the compensation still to be paid under such an award by adding five percent times the number of years since the date of injury." (e.s.) The delay of payment until the next succeeding calendar year following MMI is not called for by the statute; therefore, in my judgment, the claimant has sufficiently demonstrated economic loss due to the carrier's failure to pay supplemental benefits promptly once it is furnished reasonable notice of claimant's PTD.
In saying the above, I am not unaware of the interpretation placed upon section 440.15(1)(e) by the Industrial Relations Commission in Martino v. Nevins Fruit Company, IRC Order 2-3775 (April 20, 1979), holding that the statute delays a claimant's entitlement to supplemental PTD benefits until the next calendar year following MMI. Although the decisions of an administrative body should be honored as persuasive, they certainly should not be considered by us as having binding, precedential effect. The doctrine of stare decisis primarily applies only to judicial decisions, 13 Fla.Jur.2d Courts and Judges s. 138, p. 263 (1979), and even if it were extended to administrative determinations, the doctrine should not preclude us from re-examining the law applicable to a case for the purpose of deciding whether the prior determination was soundly based. Cf. Waller v. First Savings & Trust Co., 103 Fla. 1025, 138 So. 780 (1931). The Martino result appears to me contrary to both the plain meaning of the statute and the interpretation given it by this court in Vaughan. I would therefore decline to follow it.
I also disagree with the majority's statement that the claimant's obligation to pay for the services of her attorney does not represent economic loss. After a deputy has determined that an employer/carrier acted in bad faith, I am of the view that any economic loss, whether relating to deprivation caused by failure to pay compensation benefits or medical expenses, or legal fees and costs incidental to a claim filed, may constitute economic loss.
Although section 440.34(2)(b) extracts a penalty, this court has consistently placed a liberal interpretation upon the statute favoring the worker. See, e.g., Florida Erection Services, Inc. v. McDonald, 395 So.2d 203, 210 (Fla. 1st DCA 1981); Sam Rogers Enterprises v. Williams, 401 So.2d 1388, 1391 (Fla. 1st DCA 1981); Barosy v. Landscape Crane, 418 So.2d 400 (Fla. 1st DCA 1982). In Barosy, we broadly stated: "[W]here there is any economic loss due to a bad faith handling of a claim, an award of an attorney's fee is appropriate." Id. at 401 (e.s.). That the statute contemplates the carrier's obligation to pay attorney's fees was implicitly recognized by us in Sam Rogers Enterprises: "Despite the obvious deterrent effect, the attorney's fee award of [s.] 440.34(2)(b) was clearly intended to compensate the claimant for the monetary losses sustained in trying to force some action on the claim." 401 So.2d at 1391 (e.s.). And, "[r]equiring the claimant to pay for attorney's fees which were necessitated by the employer's action would be inconsistent with the purpose of placing the burden of work-related injuries on the industry." Id. Moreover, for the purpose of the economic loss provision of section 440.34(2)(b), it is not necessary that the employee establish *476 he or she actually incurred "out-of-pocket" expenses. An obligation to pay is sufficient under the statute. See Greynolds Park Manor v. George, 423 So.2d 485, 487 (Fla. 1st DCA 1982).
In the case at bar, the deputy's finding that the carrier acted in bad faith in not promptly paying PTD benefits has been sustained. It was necessary for the worker to employ the services of an attorney before the carrier, on notice of the claimant's condition, converted the wage-loss benefits to PTD benefits. This was a substantial economic gain to the claimant because, without the intervention of an attorney, she would in all probability have been limited to a maximum of 350 weeks of wage-loss benefits. Section 440.15(3)(b)3b. The majority's holding that the claimant must be responsible for the payment of her own attorney's fees is, in my judgment, clearly at variance with the intent behind the bad faith attorney fee statute: To require the employer/carrier "to fairly and expeditiously determine its obligation to place needed benefits in the hands of the injured worker... ." Florida Erection Services, Inc., 395 So.2d at 211. I would therefore affirm.
NOTES
[1] See Martino v. Nevins Fruit Company, IRC Order 2-3775 (April 20, 1979). The Martino Order is reprinted below in its entirety.
 State of Florida
 INDUSTRIAL RELATIONS COMMISSION
Ervin Martino : CL. No. XXX-XX-XXXX
 Appellant
 :
v. D/A 2/24/77
 :
Nevins Fruit Company
 :
Florida Farm Bureau
Insurance Company :
Florida Division of Labor,
Workmen's Compensation :
Administration Trust Fund
 Appellees
___________________________ :
Meyers, Mooney & Adler, P.A., Orlando, for
Appellant
Driscoll, Langston, Layton & Kane, P.A., Orlando, for Nevins
Fruit Company and Florida Farm Bureau Insurance Company
Thomas A. Koval, Tallahassee, for Florida Division of Labor,
Workmen's Compensation Administration Trust Fund
 ORDER
Per Curiam.
 This cause comes before the Industrial Relations Commission on
claimant's application for review of the order of the Judge of
Industrial Claims dated November 14, 1978, denying the claim for
additional supplemental benefits under Sec. 440.15(1)(e), Fla.
Stat.
 Appellant presents the following points on appeal:
 1. That the Judge of Industrial Claims erred in finding that
the payment of supplemental benefits under Florida Statute
400.15(1)(e) [sic] should commence on January 1, 1978, rather
than the date of claimant's maximum medical improvement which was
August 12, 1977.
 2. That the Judge of Industrial Claims erred in dismissing the
claim for supplemental benefits for the period from August 12,
1977 through December 21, 1977.
 3. That the Judge of Industrial Claims erred in failing to
award an attorney's fee.
 The Commission dispenses with oral argument pursuant to Rule
21, W.C.R.P.
 The order on appeal finds, based upon stipulation of the
parties, that the relevant facts are:
 (1) Claimant is permanently and totally disabled.
 (2) He reached maximum medical improvement on
August 12, 1977.
 (3) A claim for supplemental benefits and
attorney's fees was filed on April 24, 1978, and
 (4) Supplemental benefits were paid on April 24,
1978, retroactive to January 1, 1978.
 The judge ruled that the Fund properly interpreted Sec.
440.15(1)(e), Fla. Stat., to mean payments of supplemental
benefits should commence the first calendar year after the date
of injury and attainment of maximum medical improvement, pursuant
to the provision of the cited section that "[i]n case of
permanent total disability ... the injured employee shall
receive from the division additional weekly compensation benefits
equal to 5 percent of the injured employee's weekly compensation
rate ... multiplied by the number of calendar years since the
date of injury... ."
 In this case, claimant reached maximum medical improvement
before the 1977 calendar year elapsed. Therefore, claimant was
entitled to supplemental benefits as of January 1, 1978, the next
calendar year.
 As to point 3, the consistent position of the Commission has
been that attorney's fees are not awardable against the Fund.
 The decision of the Judge of Industrial Claims is affirmed.
 It is so ordered.
 INDUSTRIAL RELATIONS COMMISSION
 LEANDER J. SHAW, JR., Commissioner
 ARTHUR C. CANADY, Commissioner
S E A L WINIFRED L. WENTWORTH, Commissioner
THIS IS TO CERTIFY that on this April 20, 1979, the above Order
was filed in the office of the Industrial Relations Commission at
Tallahassee and copies were mailed to the below named person(s)
at the last known address, as shown.
 INDUSTRIAL RELATIONS COMMISSION
 BY s/V. Martin 
 Clerk