JOANOS, Judge.
In this workers’ compensation appeal the employer and carrier contend that the deputy commissioner erred in finding that the two year period in which a claimant may petition for modification of a previously entered order begins to run from the last date of the compensation period determined in the order, rather than the date of the last check. Under the circumstances of this case, where the employer and carrier expedited payment of the periodic compensation benefits, we find no error and affirm.
The initial order of October 24, 1980, awarded claimant compensation for a 48% permanent partial disability of the left eye entitling claimant to 84 weeks of compensation beginning June 8, 1979. The last check for compensation paid by the employer and carrier pursuant to the order was sent on December 11, 1980, and reflected that it was for the period December 21, 1980, to January 4, 1981. Notification of suspension of benefits by the carrier sent to the Bureau of Workers’ Compensation reflects that compensation was suspended January 4, 1981, due to payment in full of 84 weeks compensation as per the October 24, 1980, order. However, the deputy commissioner found that the carrier expedited the payments of compensation to the claimant by sending him advance payments without order of the deputy commissioner or request of the claimant. The deputy commissioner determined that the last payment of compensation pursuant to his previous order should have paid the claimant compensation until January 16, 1981. Claimant’s petition for modification was received by the Bureau of Workers’ Compensation on January 3, 1983. Employer and carrier raised the two-year statute of limitations set forth in Section 440.28, Florida Statutes as a bar to claimant’s petition, arguing that the date of the last check controls.
The employer and carrier should not be able to determine the date of payments by advancing payments neither requested by the claimant nor ordered by the deputy commissioner when the compensation order sets the time for periodic payments. Where Chapter 440 is susceptible to disparate interpretations, such as in Section 440.-28, the “most favorable remedy doctrine” requires a construction most favorable to the employee claimant. Kerce v. Coca-Cola Company—Foods Division, 389 So.2d 1177 (Fla.1980). We, therefore, find that the deputy commissioner correctly found that under the circumstances of this case, the last payment of compensation pursuant to a compensation order was determined by the compensation period set forth in the order requiring payments rather than the date of the last check sent to claimant.
Accordingly, the deputy commissioner’s order is AFFIRMED.
ERVIN, C.J., and NIMMONS, J„ concur.