NIMMONS, Judge.
This appeal arises from a determination by the Deputy Commissioner that the employer/carrier did not act in bad faith in failing to process appellant’s wage loss claim. We reverse.
Appellant was injured in a compensable accident April 22,1981, and received temporary total disability and other appropriate benefits until he reached maximum medical improvement on November 2, 1988. He filed requests for wage loss benefits on May 31, 1984 for the months of November and December, 1983 and January through March of 1984. These requests were untimely since they were not filed within 30 days of the period covered. The employer/ carrier did not file a controvert or take any other action with regard to the claims.
On November 8, 1984, claimant filed additional wage loss forms for May through September 1984. These too were untimely filed. On November 30, 1984, claimant sent duplicates of all the forms to appellee. Finally, on December 17, 1984, the carrier sent a notice to controvert stating as its reason for controverting:
Claimant declared MMI with 10% rating body as a whole by Dr. Norman Seltzer 11/2/83. BCL4 filed 11/29/83. No wage loss was received until May 21, 1984. On that November, December, 1983, January, February, March, April, 1984 was received. None of these are payable since they were more than 30 days after the period of claim for benefits.
On 11/8/84, wage loss for May, June, July, August, September were received. On 11/30/84 the entire package was again duplicated. The claimant was paid wage loss for August and October, 1984. All others are controverted on the basis of multitudinous — or untimeliness.
A hearing was held in January, 1985, after which an order was entered finding the claimant entitled to wage loss benefits for some of the months claimed. The deputy found that the claimant was entitled to wage loss benefits for February, March, April, May, June, July, September, October and November of 1984, and found that the carrier was not prejudiced by the untimely filing of the claim forms. With respect to the months of November and December, 1983, and January, 1984, the Deputy found that the claimant had failed to conduct a work search and therefore denied wage loss benefits for those periods. She also found that benefits for August, 1984 had already been paid. The order reserved jurisdiction for the determination of entitlement and amount of attorney’s fees. No appeal was taken from that order.
Thereafter, a hearing was held on the attorney’s fees issues. The claimant alleged bad faith under Section 440.34(3)(b), Florida Statutes, (1980 Supp.)[1] as the basis for the claimed fees. Mr. Scott, the claims adjuster who handled the claimant’s file, testified that, aside from untimeliness, there were other reasons why the claim was not paid, but they would not fit on the form to controvert. He said he did not file a controvert for 6 months following receipt of the claim because there was missing information. He admitted that he did nothing to inform claimant that more information was needed. He also testified:
“Question (by claimant’s counsel): Why didn’t you file a controvert indicating that there was information missing from those forms?
Answer: Well, I probably should have.” *892 Scott testified that he did nothing with the claim to investigate it from the time he received it to the time of the hearing. He felt he had no duty to investigate the claim since it was untimely filed.
The Deputy entered the appealed order finding that the carrier had not acted in bad faith, that the carrier was prejudiced by the untimeliness of the claims, and that there was insufficient information for the carrier to file a controvert. The claimant challenges this order arguing that the carrier had some duty to investigate the claim or take some action on the wage loss between the May 1984 filing and the December 1984 controvert. We agree.
In construing “bad faith,” as used in the subject attorney’s fee statute, this Court has held:
[T]he new Workers’ Compensation Law will not tolerate passive disapproval and rejection of claims on mere technical matters of form. The delay or denial of payment, without a showing of active effort and initiative on the part of the carrier to fairly and expeditiously determine its obligation to place needed benefits in the hands of the injured worker is totally inconsistent, in our view, with the notion that a claimant is entitled under this law to have his benefits paid without the necessity of first seeking the advice and services of an attorney for the simple purpose of making his claim of entitlement to benefits known to the carrier.
Florida Erection Services, Inc. v. McDonald, 395 So.2d 203, 211 (Fla. 1st DCA 1981). See also T.J. Chastain Farms v. Kusiak, 414 So.2d 1187 (Fla. 1st DCA 1982); Prestressed Systems and Claims Center v. Goff, 486 So.2d 1378 (Fla. 1st DCA 1986). In Celtics Mobile Home Manufacturing v. Butler, 460 So.2d 486 (Fla. 1st DCA 1984), this court observed:
“In interpreting the bad faith attorney’s fees sanctions of Chapter 440, Florida Statutes, we have rejected limitation of the remedy’s application to instances of active concealment, misrepresentation, or continued course of dishonest dealings by the E/C, holding instead that it also applies where there has been a delay or denial of benefits without a showing of active effort and initiative by the E/C to determine fairly and expeditiously its obligation to place benefits in the hands of the injured worker.” (citations omitted)
Id. at 488. The employer/carrier has a duty to promptly investigate and process the injured employee’s claim. Where there is not sufficient reason to excuse such failure, the employer/carrier will be deemed guilty of bad faith.
In the case before us, the evidence demonstrates that the carrier has wholly failed to meet its statutory duty. The carrier’s claims adjuster testified that he did nothing to investigate the claim, to inform claimant in any way that the forms were deficient, or to put claimant on notice that the claim was in any way being objected to until he finally filed a controvert almost six months after the first claims were filed. He stated that he filed the controvert without any investigation because he considered the untimeliness, with nothing more, to be a sufficient reason to deny payments.[2] He considered himself to have no duty to investigate the untimely claims. Given the uncontroverted evidence, the deputy abused her discretion in finding that the carrier did not act in bad faith.
The deputy made the following findings in her earlier order awarding benefits and in the subject order awarding fees. In the order awarding benefits, she found:
I reject the defense of the employer/carrier that wage loss forms were not timely filed and caused prejudice thereto. *893 After review of the record and the Memorandum of Law, I find that there was no evidence of prejudice presented by the employer/carrier.
In her order after hearing on attorney’s fees, she found:
I accept the testimony of the employer/carrier’s representative, James Scott, that the employer/carrier was prejudiced by not receiving the claimant’s wage loss forms on a timely basis.
There is no competent substantial evidence to support the latter finding[3] given that the carrier took no action whatsoever on the claim for six months after receiving it. Scott was unable to point to any prejudice to the carrier, but speculated that the late filing could have caused him trouble in verifying information. Under the circumstances, the carrier’s alleged prejudice is not a defense to its “passive disapproval and rejection” of these claims.
Although the deputy is generally given broad discretion in determining whether the carrier is guilty of bad faith, and that the deputy’s determination will be upheld absent clear abuse of discretion, see Florida Erection Services, Inc. v. McDonald, supra, 395 So.2d at 213, where the only evidence in the record is that the carrier failed to take any steps at all with regard to the employee’s claim, in effect putting it in a file drawer for six months,, the deputy’s finding of no bad faith must be reversed as an abuse of discretion.
REVERSED.
BARFIELD, J., and FRANK, RICHARD H., (Associate Judge), concur.

. Section 440.34(3) Florida Statutes (1980 Supp) provides, in pertinent part, as follows:
(3) A claimant shall be responsible for the payment of his own attorney’s fees, except that a claimant shall be entitled to recover a reasonable attorney’s fee from a carrier or employer:
******
(b) In cases where the deputy commissioner issued an order finding that a carrier has acted in bad faith with regard to handling an injured worker’s claim and the injured worker has suffered economic loss. For the purposes of this paragraph, "bad faith” means conduct by the carrier in the handling of the claim which amounts to fraud; malice; oppression; willful, wanton, or reckless disregard of the rights of the claimant.

. Untimeliness is not in and of itself a defense to a wage loss claim. It may be if the carrier can show that it was prejudiced by the untimeliness, for example, by not being able to verify the wage earnings for the period claimed. See e.g. Deinema v. Pierpoint Condominiums, 415 So.2d 811 (Fla. 1st DCA 1982). In the present case, there is no competent substantial evidence to support a finding that the carrier was prejudiced, as discussed infra.

. Since there is no competent substantial evidence to support this finding, we do not express an opinion as to whether the Deputy was bound to make findings in connection with the bad faith hearing that are consistent with her findings in the earlier order on the merits. Scott did not testify at the merits hearing. He only testified at the bad faith hearing.