504 So.2d 537 (1987)
Joanne GRAFTON, Appellant,
v.
SACRED HEART HOSPITAL and U.S.F. & G., Appellees.
No. BL-266.
District Court of Appeal of Florida, First District.
April 1, 1987.
James F. McKenzie, of McKenzie & Associates, P.A., Pensacola, for appellant.
Larry Hill, of Moore, Hill & Westmoreland, Pensacola, for appellees.
ERVIN, Judge.
This is an appeal from an order denying a claim for attorney's fees, based upon a *538 determination by a deputy commissioner (dc) that the employer/carrier (e/c) did not act in bad faith in processing appellant's claim for permanent total disability (PTD) benefits. We reverse and remand with directions.
Claimant injured her ankle in a work-related accident on November 12, 1979. As a result, she contracted phlebitis, and suffered several episodes of pulmonary emboli, as well as other complications. She filed a claim on February 4, 1985 for PTD. In an order dated May 21, 1985, from which the e/c did not appeal, the dc found the claimant PTD as of June 9, 1983.[1] The dc then reserved jurisdiction to consider an application for attorney's fees under the bad faith provision of Section 440.34(3)(b), Florida Statutes. In an order dated January 31, 1986, the dc denied the claim for bad faith attorney's fees, hence the instant appeal.
Attorney's fees under section 440.34(3)(b) are recoverable from the e/c if the e/c acts in bad faith in regard to an injured worker's claim, and if the worker suffers economic loss. This court has repeatedly found the e/c's passive delay or denial of benefits are acts that are subject to the provisions of the statute. See Hubbert v. Abco Construction and U.S.F. & G., 488 So.2d 889 (Fla. 1st DCA 1986) (bad faith found when carrier failed to controvert a claim for wage-loss benefits until six months after the claim was filed). We find that this is a classic case of an e/c's resistance to a compensation claim, thereby requiring the imposition of bad faith attorney fees against the e/c.
By letter dated February 23, 1984, claimant's attorney requested that the e/c administratively accept the claimant as permanently totally disabled, and also informed the e/c that the physician treating the claimant would testify that claimant was totally disabled for the purpose of her receiving social security disability payments. The e/c made no response to the request, but still continued to pay temporary total benefits. After the claimant had filed her application for PTD benefits nearly a year following the above letter, the e/c served notice to controvert. Later it accepted without objection claimant's medical evidence by pre-trial stipulation and participated pre-trial in a deposition of claimant's physician. The record demonstrates, and counsel for the e/c in fact acknowledged at oral argument, that the e/c not only failed to conduct any independent investigation of the claim, but also neglected to offer any evidence of its own at the trial in controversion to the claim  its defense depending entirely on what it apparently considered the weakness of appellant's case.
The e/c contends that a more exacting burden is placed on a claimant to prove his or her entitlement to PTD benefits than claimant would be required to prove for temporary or other compensation benefits, and cites Burnup & Sims v. Ozment, 440 So.2d 29 (Fla. 1st DCA 1983), in which we observed that Section 440.15(1)(b), Florida Statutes, generally places the burden on the claimant to prove that PTD benefits are due, and that the PTD compensation "statutes permit, if indeed they do not require, a more extensive investigation of a PTD claim than of lesser claims." 440 So.2d at 33 (emphasis supplied). The e/c reasons therefrom that it has the right to require that claimant meet her burden through litigation at the trial level, and its resistance to the PTD claim, under the circumstances, cannot subject it to a bad faith attorney fee award.
If the e/c's position is correct, we can only conclude that one of the primary goals behind the enactment of the Workers' Compensation Act would be substantially undercut: to place administratively, and without undue delay, needed benefits in the hands of the injured worker, notwithstanding whether the benefits are labeled temporary or permanent, partial or total. We simply cannot accept this argument.
*539 Additionally, even in cases alleging a carrier's bad faith in handling a PTD claim, if the evidence discloses that the e/c neglected to conduct an investigation at all, Ozment obviously has no relevancy. In our view, once the e/c was placed on notice by a letter from claimant's attorney that the claimant's physician would be testifying regarding claimant's PTD status for the purpose of determining her entitlement to social security disability payments, the e/c then had an affirmative duty to investigate claimant's corresponding eligibility for PTD benefits under Florida's Workers' Compensation Act. Its apathetic disregard of the notice it had been furnished made it initially guilty of bad faith in the handling of the claim. Its bad faith continued when, after the claimant had filed her claim for PTD, and after the e/c had participated in a deposition of the treating physician, which for all practical purposes confirmed that claimant was PTD, the e/c failed to present any evidence to rebut that offered by claimant as to her state of disability, or to accept the 56-year-old claimant administratively as permanently disabled, but instead forced the claim to proceed to trial. In the absence of any medical evidence in the record refuting the PTD status of the employee, we conclude that the e/c's active and passive rejection of the claim violates the self-executing nature of the Workers' Compensation Act and subjects it to the imposition of a bad faith attorney fee award.
The e/c argues alternatively that even if its actions can be considered to be in bad faith, appellant suffered no economic loss, in that temporary total benefits were continuously paid by it, therefore the claimant endured no out-of-pocket losses. Relying on Winter Garden Citrus v. Parrish, 438 So.2d 472 (Fla. 1st DCA 1983), the e/c states that any economic loss to claimant resulting from the delay in its acceptance of claimant's PTD status was only "de minimis" and therefore cannot result in bad faith attorney's fees. We cannot agree. The facts in Parrish are altogether dissimilar. In holding that the claimant sustained no economic loss, Parrish found that because the claimant only missed four days of supplemental benefits, claimant was not entitled to an award of bad faith attorney fees. In the instant case the refusal of the e/c to administratively accept the PTD claim delayed commencement of supplemental benefits to the claimant for nearly 14 months.[2] Since the claimant was declared indigent during the course of this appeal, the loss of the use of such benefits for such a protracted period of time cannot be considered "de minimis."
Concluding both that the e/c acted in bad faith and that the claimant suffered economic loss, we reverse the order of the dc and remand the case for further consistent proceedings.
REVERSED and REMANDED with directions.
SHIVERS and ZEHMER, JJ., concur.
NOTES
[1] This was the date of a letter sent to the appellant's attorney by the treating physician, stating that claimant was "very disabled."
[2] Pursuant to the interpretation placed upon Section 440.15(1)(e), Florida Statutes, by Parrish, supplemental benefits are not payable until the first day of the calendar year after the date that MMI is established. In the present case, claimant was by order dated May 21, 1985 determined to be PTD as of June 9, 1983, accordingly she was entitled to supplemental benefits as of January 1, 1984. If the e/c had administratively accepted claimant as permanently totally disabled when it first received notice of claimant's probable PTD condition, on February 23, 1984, it could have commenced both PTD and supplemental benefits on or about said date, making the latter payments retroactive to January 1, 1984. Instead, it delayed the payments until it was ordered to do so, approximately 14 months following the above notice.