WIGGINTON, Judge.
Appellant appeals the deputy commissioner’s denial of his claim against appel-lee, employer/carrier, for an additional payment in the amount of $4,420.80. We reverse and remand for entry of an award to appellant in that amount.
Appellant sought the additional payment as reimbursement for payment made by his personal injury protection (PIP) carrier for medical bills he incurred as a result of a work-related truck accident. The PIP carrier paid those medical bills because employer/carrier initially controverted appellant’s workers’ compensation claim and paid no workers’ compensation or medical benefits prior to a hearing on the claim. The PIP carrier also paid appellant $5,238.40 for lost wages until May 1987, when the PIP benefits, which were subject to a $10,000 cap pursuant to section 627.-736(1), Florida Statutes, were exhausted.
The deputy commissioner ultimately found appellant's injury compensable and ordered employer/carrier to pay all medical bills and temporary total disability benefits from the date of the accident and continuing. In compliance with that order, the employer/carrier agreed to pay the remaining outstanding medical bills. Appellant based his claim for an additional payment from employer/carrier on his argument that if employer/carrier had timely paid appellant’s workers’ compensation claim, $4,420.80 of the $10,000 PIP benefits would not have been applied to medical bills and would therefore have been available for additional lost wage payments to appellant. The deputy commissioner denied the claim for the additional payment on the ground that he had no jurisdiction to award any further benefits to appellant.
We agree with the basis of appellant’s position that the employer/carrier should not be allowed effectively to achieve an offset of the payments made by the independent PIP carrier against the medical benefits for which employer/carrier has been found by the deputy commissioner to be responsible pursuant to Chapter 440, Florida Statues. This situation is obviously distinguishable from those cases involving proper offsets for other types of employer provided benefits. See General Telephone Co. of Florida v. Willcox, 509 So.2d 1270 (Fla. 1st DCA 1987).
We recognize that medical payments ordinarily are not to be awarded to a claimant directly. Fred Teitelbaum Construction, Inc. v. Morris, 489 So.2d 1241 (Fla. 1st DCA 1986). However, in the instant case, the award to appellant of an additional $4,420.80 merely is an enforcement of the initial award of the payment of all medical bills relating to the compensable injury. The deputy commissioner did not lack jurisdiction to rule on this claim since appellant has not received all benefits due him under chapter 440 because of the improper offset. Consequently, we reverse and remand for entry of an order awarding appellant an additional $4,420.80 payment from appellee.
REVERSED and REMANDED.
SMITH, C.J., and SHIVERS, J., concur.