553 So.2d 314 (1989)
Samuel MARVIN, Appellant,
v.
REWIS ROOFING and F.R.S.A. Self-Insured Fund, Appellees.
No. 88-3217.
District Court of Appeal of Florida, First District.
December 1, 1989.
*315 Frank B. Kessler, Lake Worth, for appellant.
David A. Danielson of Law Offices of David A. Danielson, West Palm Beach and Diane H. Tutt, Ft. Lauderdale, for appellees.
JOANOS, Judge.
Samuel Marvin has appealed from an order of the Judge of Compensation Claims (JCC) holding that his permanent total disability supplemental benefits were properly commenced on the date he was administratively accepted as permanently totally disabled (PTD), rather than on the earlier date on which he reached maximum medical improvement (MMI) from his injuries. We affirm.
Marvin suffered a compensable injury to his low back on January 1984, and reached MMI on July 15, 1985 with a 10% permanent impairment. Marvin had returned to his job as a roofer when, in September 1985, he suffered a second compensable injury to his left shoulder. He reached MMI from the second injury on March 13, 1986 with an additional 4% permanent impairment. His treating physician, Dr. Zeide, believed Marvin capable of light work, and recommended retraining. At no time did Dr. Zeide state that Marvin was PTD as a result of his injuries.
Following Marvin's release to light duty in March 1986, the employer/carrier commenced rehabilitation efforts, providing Marvin with a rehabilitation counselor and at one point enrolling him in a technical course at a local school. It was also Marvin's uncontradicted testimony that he conducted an intensive, unsuccessful work search during this period. On May 4, 1987, after receiving a rehabilitation report opining that it was unlikely that Marvin could be returned to work, the employer/carrier administratively accepted him as PTD and commenced paying the 5% supplemental benefit as provided by Section 440.15(1)(e)1, Florida Statutes (1985).
In September 1988, a hearing was held on Marvin's claim that, based on Winter Garden Citrus v. Parrish, 438 So.2d 472 (Fla. 1st DCA 1983), his supplemental benefits should have commenced on March 13, 1986, the date on which he reached MMI from the second accident. Citing Section 440.49(2)(c), Florida Statutes (1985), providing that a JCC cannot find an employee PTD without first finding that he cannot be rehabilitated, the JCC approved the employer/carrier's action in waiting until rehabilitation efforts had failed before commencing supplemental benefits. The commencement of supplemental benefits as of May 4, 1987 was thereupon approved. The JCC distinguished Winter Garden, in that no rehabilitation efforts were involved therein.
Section 440.15(1)(e)1, Florida Statutes (1985) provides that "[i]n case of permanent total disability resulting from injuries which occurred subsequent to June 30, 1955 ... the injured employee shall receive additional weekly compensation benefits equal to 5 percent of his weekly compensation rate ... multiplied by the number of calendar years since the date of injury." This provision was interpreted in Martino v. Nevins Fruit Co., IRC Order 2-3775 (April 20, 1979) to mean that supplemental benefits are not payable until the first day of the calendar year after the date that MMI is established. Accord Winter Garden Citrus v. Parrish, 438 So.2d 472 (Fla. 1st DCA 1983) See also Grafton v. Sacred Heart Hospital, 504 So.2d 537, 539 n. 2 (Fla. 1st DCA 1987).
However, the rule as established in Winter Garden must be read in light of Section 440.15(1)(b), Florida Statutes (1985), providing *316 that PTD is not "payable [in case of disability adjudged to be permanent] ... if the employee ... is physically capable of engaging in gainful employment; and the burden shall be upon the employee to establish that he is not able uninterruptedly to do even light work due to physical limitation." MMI is not, in and of itself, synonymous with PTD in the absence of additional facts such as an obviously incapacitating injury or concurrent medical opinion of PTD, and, without permanent total disability, there is no eligibility for supplemental benefits. See Section 440.15(1)(e)1, Florida Statutes.
Therefore, we find that the Winter Garden rule regarding commencement of supplemental benefits must be interpreted to mean that: "When the facts of a particular case demonstrate that an injured employee is PTD on the date of MMI, supplemental benefits are payable on the first day of the calendar year after the date that MMI is established. Otherwise, they are payable on the first day of the calendar year after PTD is determined." See e.g. Grafton, 504 So.2d at 539 n. 2 (the claimant was determined to be PTD as of June 9, 1983, accordingly she was entitled to supplemental benefits as of January 1, 1984).
In this case, Marvin reached MMI from his second accident on March 13, 1986. The injuries to his back and shoulder were not obviously incapacitating, and it was the opinion of Marvin's treating physician that he could perform light work after MMI if retraining was provided. Therefore, there were no facts from which a PTD determination could be made on the date of MMI so that supplemental benefits should have commenced in relation thereto.
Rather, it was not until Marvin had conducted an extensive unsuccessful job search, and the employer/carrier had made intensive unsuccessful rehabilitation efforts, that Marvin was administratively accepted as PTD on May 4, 1987. There was no finding by the JCC, and no evidence presented to support such a finding, that PTD should have been accepted by the E/C at any earlier date. Therefore, the JCC correctly determined that the employer/carrier did not err in commencing supplemental benefits on May 4, 1987, and we affirm.
WENTWORTH and THOMPSON, JJ., concur.