BARFIELD, Judge.
The employer/servicing agent (ESA) appeal a workers’ compensation order finding that appellee claimant was injured in a compensable automobile accident. Claimant cross-appeals the ruling of the Judge of Compensation Claims (JCC) that the ESA “will pay the unpaid medical bills adjusted to the Medical and Surgical Fee Schedules claimed and will be responsible for the provision of medical care which may be warranted by the claimant’s condition in the future.” We affirm the finding of com-pensability, but reverse that aspect of the order which limits the ESA’s responsibility only to claimant’s “unpaid” medical bills.
The evidence adduced established that the ESA denied claimant’s accident was compensable ánd accordingly provided no medical benefits. Some portion of claimant’s hospital bills were paid by her husband's insurance coverage, which is unrelated to claimant’s workers’ compensation coverage. Although the JCC is without jurisdiction to order the ESA to reimburse a third party insurer who is not before the JCC, the JCC should award to claimant all the medical benefits due, subject to a lien in favor of her insurers against the payments due claimant, and she shall insure that those entities are properly reimbursed. Popovich v. Overland Transport, 543 So.2d 302 (Fla. 1st DCA 1989); Travelers Ins. Co. v. Sitko, 496 So.2d 920 (Fla. 1st DCA 1986); Greynolds Park Manor v. George, 417 So.2d 990, appeal after remand, 423 So.2d 485 (Fla. 1st DCA 1982). Claimant is also entitled to seek reimbursement for any amounts personally expended. § 440.13(2)(b), Fla.Stat. Therefore, the finding of compensability is affirmed, but the award of only “unpaid” medical benefits is reversed and the matter is remanded for further proceedings consistent herewith.
AFFIRMED in part, REVERSED and REMANDED in part.
NIMMONS and ALLEN, JJ., concur.