578 So.2d 448 (1991)
Clenora GRIFFIN, Appellant,
v.
ORLANDO REGIONAL MEDICAL CENTER and Hewitt Coleman & Associates, Inc., Appellees.
No. 90-1235.
District Court of Appeal of Florida, First District.
April 22, 1991.
Frederic M. Schott of Meyers and Mooney, P.A., Orlando, for appellant.
William H. Dane, Jr. and Thomas A. Moore, P.A., Orlando, for appellees.
ERVIN, Judge.
Appellant, Clenora Griffin, appeals from a final compensation order, arguing that the judge of compensation claims (JCC) erred in determining that he did not have jurisdiction to modify the average weekly wage (AWW) and compensation rate (CR) set forth in a previously entered compensation order, in denying her supplemental benefits from the date of maximum medical improvement (MMI), and in refusing to award penalties, interest, costs, and attorney's *449 fees. We affirm in part, reverse in part, and remand.
Appellant sustained a back injury in an industrial accident which occurred on October 26, 1982. Her condition gradually deteriorated and surgery was performed in May 1985. Although the employer/carrier (E/C) controverted that treatment, an order was subsequently entered on December 24, 1985, determining that claimant's then current physical problems were directly related to her industrial accident. Claimant was awarded temporary total disability (TTD) benefits from May 10, 1985, at the stipulated rate of $126.21 per week, until she was no longer temporarily totally disabled. Payment of TTD benefits continued until August 1988, at which time the E/C voluntarily accepted appellant as permanently and totally disabled and commenced payment of permanent total disability (PTD) benefits.
Addressing appellant's first issue regarding the modification of her AWW, after the E/C accepted claimant as PTD, her employment, including certain fringe benefits, such as group health and life insurance, was terminated. Consequently, at the June 1989 hearing, claimant sought an upward modification of the AWW and CR amounts contained in the December 1985 order based on a change in condition on the ground that she was no longer receiving those benefits.
We agree with appellant that the JCC erred in determining that he lacked jurisdiction to modify these amounts. Section 440.28, Florida Statutes (1981), provides in part:
Upon a deputy commissioner's own initiative, or upon the application of any party in interest, on the ground of a change in condition or because of a mistake in a determination of fact, the deputy commissioner may, at any time prior to 2 years after the date of the last payment of compensation pursuant to any compensation order, or at any time prior to 2 years after the date copies of an order rejecting a claim are mailed to the parties at the last known address of each, review a compensation case in accordance with procedure prescribed in respect of claims in s. 440.25 and, in accordance with such section, issue a new compensation order which may terminate, continue, reinstate, increase, or decrease such compensation or award compensation.
It is undisputed that claimant continued to receive TTD benefits in accordance with the 1985 order until August 1988, when the E/C accepted her as PTD and began providing PTD benefits. Although the December 1985 order was dated more than two years prior to claimant's request for an adjustment in her AWW and CR, that request was clearly made within two years following receipt of payment of compensation under the 1985 order. Consequently, section 440.28 does not preclude appellant from seeking modification of AWW and CR. See, e.g., Norwood Shell, Inc. v. Forbing, 455 So.2d 504 (Fla. 1st DCA) (two-year period for modification of previously entered order begins to run from last date of compensation period determined in previous order), review dismissed, 459 So.2d 1041 (Fla. 1984).
Because the JCC did not reach the merits of this issue below, it is impossible to tell whether modification of those figures is actually warranted. There does appear to be some dispute as to whether the AWW and CR set out in the 1985 order already included the fringe benefits in question. Consequently, the case must be remanded with directions to the JCC to conduct an evidentiary hearing to determine whether a change in condition actually occurred, thereby justifying the modification sought.
In so holding, we have not ignored the E/C's argument that the AWW and CR figures set forth in the 1985 order were the result of a stipulation between the parties, and that a stipulation should not be set aside absent a showing of fraud, overreaching, misrepresentation, or concealment. See Steele v. A.D.H. Bldg. Contractors, Inc., 174 So.2d 16, 18 (Fla. 1965). This rule is not applicable to the instant case, however, because the 1985 stipulation was *450 based on facts then in existence. The parties should not now be bound by a stipulation if the facts have indeed changed. Id. at 19 (modification should be allowed on ground of change of condition in that the accord was based on claimant's then current condition, while the progress of the injury not realized or anticipated might, at a later time, develop into a different condition).
Turning to the second issue raised  the denial of supplemental benefits from the date of MMI  we affirm. Under Section 440.15(1)(e)1, Florida Statutes (Supp. 1982), claimant was entitled to supplemental benefits only after she had been found to be PTD.[1] If the facts show that a claimant is PTD as of the MMI date, and the industrial injury occurred in a previous calendar year, then supplemental benefits should be paid from the date of MMI/PTD. Florida Ins. Guar. Ass'n v. Renfroe, 568 So.2d 962, 965 (Fla. 1st DCA 1990). However, if the evidence does not reveal that the claimant is PTD as of the MMI date, then supplemental benefits are only payable once PTD is determined. Marvin v. Rewis Roofing, 553 So.2d 314, 316 (Fla. 1st DCA 1989) (claimant, who was determined to be MMI with a fourteen percent permanent impairment following his second industrial injury, was not entitled to supplemental benefits from the date of MMI, because he was not determined to be PTD until after he had conducted an unsuccessful work search).
In the instant case, the only medical evidence presented regarding MMI and PTD was the following letter of Dr. Tucker, appellant's treating physician, dated July 25, 1988:
On July 12th I examined Mrs. Griffin. In my opinion she reached maximum medical improvement at approximately mid-1986. She has a 10% permanency [sic] of her back to the body as-a-whole. I believe she is permanently and totally disabled for [sic] any meaningful employment.
Based upon this letter, the JCC determined claimant had reached MMI in mid-1986, but that claimant was not PTD until July 1988. He therefore denied claimant's request for supplemental benefits from mid-1986 through 1988 as premature. Although the JCC's finding of mid-1986 MMI was apparently in error, in that the record tends to support a contrary finding that appellant remained in the healing process during 1986, 1987, and 1988,[2] such error, insofar as it relates to the claim for supplemental benefits, is harmless, because the JCC's finding that claimant was not PTD until July 1988 is supported by CSE in the form of Dr. Tucker's July 25, 1988 letter. It follows, therefore, that because appellant was not PTD until July 1988, she was not entitled to supplemental benefits for any period of time prior to then. Marvin.
The third issue, regarding claimant's entitlement to penalties and interest under Sections 440.20(7) and (9), Florida Statutes (1981), and costs and attorney's fees under Section 440.34(3), Florida Statutes (1981), is premature and cannot at this juncture be decided. Certainly claimant is not entitled to penalties, interest, costs, or attorney's fees in regard to the supplemental benefits *451 issue, because she did not prevail as to this issue. As to the AWW and CR modification issue, any award arising from that claim depends upon whether the facts show that claimant is actually entitled to a modification based upon a change in conditions, an issue which yet remains to be determined.
AFFIRMED in part, and REVERSED and REMANDED for further proceedings consistent with this opinion.
JOANOS and MINER, JJ., concur.
NOTES
[1] Section 440.15(1)(e)1 provides:

In case of permanent total disability resulting from injuries which occurred subsequent to June 30, 1955, and for which the liability of the employer for compensation has not been discharged under the provisions of s. 440.20(12), the injured employee shall receive from the division additional weekly compensation benefits equal to 5 percent of the injured employee's weekly compensation rate, as established pursuant to the law in effect on the date of his injury, multiplied by the number of calendar years since the date of injury and subject to the maximum weekly compensation rate set forth in s. 440.12(2).
[2] The evidence shows that claimant continued to be treated throughout 1986, 1987, and 1988. Dr. Tucker's summary of claimant's medical history during the period in question reveals that claimant was the subject of various referrals, hospitalizations, epidural blocks, and neuropsychological evaluations. In fact, claimant started a weight loss program in 1987. She was referred to Dr. St. Louis in 1987 for a recommendation as to surgery, and it was not until June 1988 that Dr. St. Louis agreed that surgery was not necessary. At no point prior to July 1988 did Dr. Tucker state that claimant was PTD, and, in fact, as late as June 1988, he indicated that claimant was "slowly improving."