634 So.2d 720 (1994)
KRAFT DAIRY GROUP and Ideal Mutual Insurance Company, Appellants,
v.
Larry R. SORGE, Appellee.
No. 92-4304.
District Court of Appeal of Florida, First District.
March 21, 1994.
Rehearing Denied May 5, 1994.
*721 Robert L. Teitler of Walton Lantaff Schroeder & Carson, Miami, for appellants.
Warren Brown of Ress, Mintz & Truppman, P.A., North Miami, for appellee.
WEBSTER, Judge.
In this workers' compensation case, the employer and carrier seek review of an order awarding a fee to claimant's counsel for services rendered in opposition to a motion for modification. Because we conclude that the facts of this case do not support an attorney fee award pursuant to the applicable statute, we reverse.
Claimant suffered a compensable injury in 1983. In 1986, he was awarded permanent total disability benefits and psychiatric and attendant care. In 1991, the employer and carrier filed a motion for modification, asserting that claimant was no longer permanently and totally disabled; that he no longer required attendant care; and that he had failed to obtain any type of psychiatric care for more than two years. (At the hearing, counsel for the employer and carrier amended the motion to request only a determination of whether, during a period while claimant was the subject of surveillance, claimant was permanently and totally disabled and in need of attendant care.) The judge of compensation claims denied the motion for modification, reserving jurisdiction to determine whether claimant's counsel was entitled to an award of attorney fees.
At the attorney fee hearing, the employer and carrier argued that the fee statute in effect at the time of claimant's injury applied; that, pursuant to the applicable statute, a fee could be awarded only if the "carrier ha[d] acted in bad faith ... and the injured worker ha[d] suffered economic loss"; and that the evidence would not sustain a finding of either "bad faith" or "economic loss." Counsel for claimant argued that the fee statute in effect at the time of the hearing applied, and that that statute expressly provided for an award when the claimant prevails in a modification proceeding; that the employer and carrier failed timely to raise as a defense the unavailability of a fee award in modification proceedings pursuant to the statute in effect at the time of the injury; or, alternatively, that the evidence would sustain findings of "bad faith" and "economic loss" for purposes of the statute in effect at the time of the injury. Although not expressly set forth in the order, it is apparent that the judge of compensation claims believed that the version of the fee statute in effect at the time of claimant's injury applied. He concluded that the employer and carrier had "acted in bad faith" when they filed and prosecuted the motion for modification, and that claimant had "suffered economic loss" because he had been forced to retain counsel and to incur litigation costs in defense of the motion. In light of those conclusions, he found it unnecessary to determine whether the employer and carrier had properly asserted what he referred to as "the defense to the entitlement of an attorney's fee." Having concluded that the employer and carrier had "acted in bad faith" and that claimant had "suffered economic loss," the judge of compensation claims awarded a fee to claimant's attorney.
The judge of compensation claims was correct to apply the fee statute in effect at the time of claimant's injury. Generally (and here), a fee statute impacts the respective rights and responsibilities of the parties. Therefore, it is substantive, and amendments to the statute occurring after a claimant's injury may not be retroactively applied. E.g., WFTL Broadcasting Co. v. Rowen, 480 So.2d 233 (Fla. 1st DCA 1985); Ship Shape v. Taylor, 397 So.2d 1199 (Fla. 1st DCA 1981).
The right to an attorney fee award in workers' compensation cases is purely statutory. If the claimant believes that he or she is entitled to an award of an attorney fee, a request must be included in the claim filed. § 440.19(1)(e)1.i., Fla. Stat. (1991). Clearly, the burden is on the claimant to plead and prove both entitlement to, and the appropriate amount of, a fee award. E.g., Leonard v. Cook & Pruitt Masonry, Inc., 126 So.2d 136 (Fla. 1961); Florida Silica Sand Co. v. Parker, 118 So.2d 2 (Fla. 1960). Accordingly, the employer and carrier had no obligation to assert, as a defense, that claimant was not entitled to a fee award.
The fee statute applicable to this case is section 440.34, Florida Statutes (1981). The judge of compensation claims *722 correctly concluded that, to establish his entitlement to a fee award, claimant was required to prove both that the carrier had "acted in bad faith" and that he had "suffered economic loss." § 440.34(3)(b), Fla. Stat. (1981). See, e.g., Swift & Co. v. Surrency, 467 So.2d 740 (Fla. 1st DCA 1985). We need not determine whether the record contains competent, substantial evidence to sustain the conclusion that the employer and carrier "acted in bad faith," because we hold that the judge of compensation claims was incorrect as a matter of law when he concluded that the fact that claimant had been forced to retain counsel and to incur litigation costs in defense of the motion was sufficient to satisfy the "economic loss" requirement. We have consistently held that such litigation costs do not constitute "economic loss" for purposes of the statute. Swift & Co.; Winter Garden Citrus v. Parrish, 438 So.2d 472 (Fla. 1st DCA 1983). Claimant offered no other evidence of "economic loss."
Claimant failed to establish his entitlement to an attorney fee award pursuant to section 440.34(3)(b), Florida Statutes (1981). Accordingly, we reverse the order awarding a fee to claimant's attorney.
REVERSED.
BOOTH and ALLEN, JJ., concur.