MINER, Judge.
In this workers’ compensation case, the employer/carrier (e/c) seeks review of an order by the judge of compensation claims (JCC) awarding claimant $60,000 in “bad faith” attorney’s fees over a seven year period. On the record before us, we affirm this award.
On July 16, 1980, claimant sustained a compensable industrial injury. By order dated August 5, 1981, the JCC found that claimant reached maximum medical improvement on June 16, 1981 and was entitled to temporary partial disability benefits from January through June of that year and wage loss benefits based on a compensation rate of $90 per week thereafter. The JCC also awarded claimant’s attorney a fee of $650 based on benefits totaling $2400.
Almost from the beginning, the e/c’s payment of awarded benefits was erratic, at best. From June of 1981 through March of 1982, benefits paid were both untimely and in an incorrect amount. From April 1982 through October of 1982, claimant was paid in a timely manner and in the correct amount. The payments for November and December of 1982 were both incorrect as to amount and untimely. In 1983 and until May of 1984, with the exception of the March 1983 payment which was underpaid, all payments were both correct and timely. Then, in June and July of 1984, claimant’s benefit payments were once again untimely. This cycle continued through May of 1988 — timely payments, followed by untimely payments, followed by incorrect payments, thereafter followed by timely payments and so on. All told, during the time period in question, there were 33 untimely payments. Of these 33 untimely payments, 13 were in an incorrect amount.
Over the years, as claimant would complain about the e/c’s payment pattern, his attorney would step in. The e/c would pay in timely fashion for a period but would then revert to untimely and often incorrect payments. Claimant’s attorney would write letters, schedule hearings before the JCC, set depositions, and phone the e/c and their attorney only to have the e/c capitulate and agree to make proper payments. The cycle would then repeat itself. In all, seven hearings were scheduled before the JCC but none was ever held because, in each instance, the e/c would pay up shortly before the scheduled hearing date and promise to correct any deficiencies. All of the depositions set by claimant’s attorney had to be cancelled because the e/c’s representatives failed to show up.
In May of 1988, the e/c notified claimant’s attorney that they intended to controvert all future benefits from and after that month. Claimant’s attorney again moved for a hearing before the JCC. Additionally, he filed motions to compel attendance of the e/c’s representative at deposition, to strike defenses and for bad faith attorney’s fees. In January of 1989, the parties entered into a lump sum washout settlement, leaving only the matter of bad faith attorney’s fees at issue.
*1074 In September of 1989, a hearing was held on the matter of attorney’s fees. At hearing, the e/c offered no explanation for late or incorrect payments over the years. The JCC found that because of claimant’s attorney’s persistence, he had secured in excess of $35,000 in benefits for the claimant. He further found that strict adherence to the statutory attorney fee formula would result in an inequitable fee for claimant’s attorney. After weighing the factors set out in Lee Engineering & Const. Co. v. Fellows, 209 So.2d 454 (Fla.1968), the JCC found bad faith and, in subsequent written order, awarded attorney’s fees of $60,000. This appeal followed.
The record before us is replete with competent substantial evidence to support the JCC’s bad faith finding and the fee awarded. We are not persuaded by appellant’s argument that an attorney’s fee in such cases as this should be based on each month’s benefits secured or claimed to be secured through the attorney’s efforts. Indeed, the record shows that even in those months in which the e/c made timely wage loss payments, such payments reasonably and predictably flowed from claimant’s attorney’s efforts. Moreover, the e/c did not establish the elements of prejudicial delay in opposing claimant’s request for bad faith attorney’s fees below nor do they argue any theory of estoppel or laches on appeal.
Lastly, we observe that this case presents a textbook example of passive indifference and neglect by the e/c. In this respect, we agree with the JCC’s observation that had the e/c employed only a fraction of the time, effort and energy to the proper administration of this claim as they did to defending the claim for bad faith attorney’s fees, claimant’s counsel’s time and effort might have been significantly reduced and the self-executing nature of the workers’ compensation statute infinitely better served.
AFFIRMED.
SMITH and ERVIN, JJ., concur.