603 So.2d 551 (1992)
REGAL WOOD PRODUCTS and Hewitt & Associates, Appellants,
v.
Peter BASCHANSCI, Appellee.
No. 91-2736.
District Court of Appeal of Florida, First District.
July 9, 1992.
*552 Edward Almeyda of Almeyda & Hill, Miami, for appellant.
Roberto Rigal, Jr., of Levine, Busch, Schnepper & Stein, P.A., Miami, for appellee.
ERVIN, Judge.
Appellants in this workers' compensation appeal, the employer, Regal Wood Products, and its insurance carrier, Hewitt & Associates (E/C), seek review of an order wherein the judge of compensation claims (JCC) found that the E/C acted in bad faith in handling the claim and directed the E/C to pay claimant's attorney $27,500 as a reasonable attorney's fee. Because the record contains competent, substantial evidence to support the finding of bad faith, we affirm that portion of the order. We reverse, however, that portion of the order finding $27,500 to be a reasonable attorney's fee, because several of the reasons the JCC propounded to justify his departure from the statutory fee formula are either insufficient or unsupported.
Without detailing the evidence, suffice it to say that there was ample evidence of delay in payments and miscalculation of the amount due to claimant to support the JCC's finding of bad faith. See Wometco Enters. v. Caballero, 585 So.2d 1072 (Fla. 1st DCA 1991) (E/C's erratic payment of *553 benefits from timely to untimely and in incorrect amounts over a period of seven years with no explanation for late payments or miscalculations supported bad faith finding). The delay in the payment of benefits to claimant constitutes sufficient economic loss so as to justify a bad faith attorney's fee. Barosy v. Landscape Crane, 418 So.2d 400, 401 (Fla. 1st DCA 1982).
As for the amount of the fee, the JCC determined that strict application of the statutory fee formula set out in Section 440.34(1), Florida Statutes (1979), would result in an inequitable fee to claimant's attorney, and, after considering the factors set out in subsections 440.34(1)(a)-(h), concluded that a fee of $27,500 was reasonable. Although we find no fault in many of the JCC's conclusions regarding the statutory factors, we find that several of those conclusions are either insufficient or unsupported.
As to the first factor, "[t]he time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly,"[1] the JCC concluded this to be a positive factor, supporting an upward departure from the statutory fee. In so concluding, the JCC relied on a fee affidavit and testimony from claimant's attorney indicating that he had spent 125 hours on the case since his initial involvement in 1982. That amount of time included, however, time spent preparing for the attorney-fee hearing, traveling to the hearing, and attending the hearing. Admittedly some of that time was expended on proving the bad faith issue, which may be considered in the attorney's fee. See Crittenden Orange Blossom Fruit v. Stone, 514 So.2d 351, 353 (Fla. 1987). However, some portion of that time was also expended on proving the amount of the fee, which is not includable in a fee award. See id. at 353; Barr v. Pantry Pride, 518 So.2d 1309, 1319-20 (Fla. 1st DCA 1987), review denied 525 So.2d 876 (Fla. 1988). Additionally, it was not disputed before this court that the fee affidavit included at least one entry associated with an unrelated claim. Consequently, claimant's attorney, on remand, should submit a detailed affidavit, including only the time spent on this claim and excluding the time spent in proving the amount of the fee.
As for the balance of the first factor, although the JCC found that the issues involved were not novel or difficult, he nonetheless concluded that a significant degree of skill and expertise was required to achieve the results. Admittedly, claimant's attorney is a specialist in the area of workers' compensation, however, because all the evidence indicates that the issues involved were not novel or difficult, consisting merely of increases in the average weekly wage based on an insurance fringe benefit and standard cost of living increases, regardless of the attorney's expertise, it is not logical to conclude that a high degree of skill was necessary to obtain the result reached on these simple issues.
The only other conclusion that we find unsupported is that concerning the fifth factor, i.e., "[t]he time limitation imposed by the claimant or the circumstances."[2] The JCC considered this a positive factor in that a significant amount of time had to be expended on the case, and because the E/C contested claimant's entitlement to various benefits, thereby requiring litigation. We believe the JCC has misinterpreted the factor by merely considering the amount of hours expended, which properly falls under factor (a). This factor generally encompasses instances where an attorney must act quickly in order to secure benefits for the claimant, see What an Idea, Inc. v. Sitko, 505 So.2d 497, 501 (Fla. 1st DCA) (time limitations placed on counsel due to claimant's condition: brain-damaged, quadriplegic who was suicidal), review denied, 513 So.2d 1064 (Fla. 1987), or when the attorney gives up vacations and weekends to pursue the claim, id., or when the case precludes the attorney from handling other cases, see Fumigation Department v. Pearson, 559 So.2d 587, 589 (Fla. *554 1st DCA 1989). Here, there is no evidence that claimant's condition imposed time restraints on his attorney. In fact, claimant was capable of working, although not at his former level, and consequently was not as needy as a claimant who is, for instance, permanently and totally disabled. Moreover, there was no evidence that this case particularly precluded counsel from working on other cases or that counsel sacrificed weekends or vacations to work on this claim.
As for the fact that the E/C contested the claim for various benefits, thereby requiring litigation, such action was warranted as evidenced by the fact that the E/C prevailed on two of the three claimed bases for increasing the average weekly wage  concurrent employment earnings and the value of a vehicle used in such employment. The E/C should not be penalized for appropriately disputing a claim. As to the third basis, the insurance fringe benefit, the E/C did stipulate to that increase prior to the hearing.
In conclusion, because the reasons given by the JCC as to the above factors are insufficient or unsupported, they cannot be used to justify a departure from the statutory fee. We therefore reverse the order as it relates to the amount of the attorney's fee and remand for reconsideration of the fee. See Marsh v. Benedetto, 566 So.2d 324 (Fla. 1st DCA 1990) (fee award was excessive because evidence and findings of fact did not warrant exceeding statutory formula); Roundtree Transp., Inc. v. Godek, 412 So.2d 66 (Fla. 1st DCA 1982) (reasons given insufficient to justify disparity between statutory fee and that awarded). In so saying, we do not preclude the JCC from awarding a fee in excess of the statutory amount, but merely caution that such award must be supported by the evidence.
AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings.
SMITH and KAHN, JJ., concur.
NOTES
[1] § 440.34(1)(a), Fla. Stat. (1979).
[2] § 440.34(1)(e), Fla. Stat. (1979).