690 So.2d 654 (1997)
DAYCO PRODUCTS and Crawford & Company, Appellants/Cross-Appellees,
v.
Robert G. McLANE, Appellee/Cross-Appellant.
No. 96-2090.
District Court of Appeal of Florida, First District.
March 14, 1997.
Rehearing Denied April 21, 1997.
*655 David J. Lonigro of Oxendine & Oxendine, P.A., Tampa, for Appellants/Cross-Appellees.
Barbara L. Richard of Daniel L. Hightower, P.A., Ocala, for Appellee/Cross-Appellant.
ERVIN, Judge.
The employer, Dayco Products, and servicing agent, Crawford & Company (collectively the E/SA), appeal an order awarding claimant, Robert McLane, $11,750 in attorney's fees. The E/SA contends that the judge of compensation claims (JCC) inappropriately penalized it for contesting McLane's claim for benefits; improperly enhanced claimant's attorney's hourly rate; based his decision on an inadequate attorney's fee affidavit; and awarded too high a fee for paralegal time. McLane cross-appeals, contending that the JCC's reduction of attorney hours was excessive. We affirm in part, reverse in part and remand.
After denying compensability of McLane's injury, the E/SA accepted the claim as compensable on the morning of the merits hearing. At the hearing, McLane sought temporary total disability, temporary partial disability, or wage-loss benefits from March 26, 1993, and continuing; increased average weekly wage (AWW); and authorization of a hand specialist. The JCC ruled against him on the issue of AWW; found that he was temporarily partially disabled (TPD) from March 29, 1993, only until he reached maximum medical improvement on May 20, 1993, with no measurable impairment; found that McLane did not establish a right to wage-loss benefits thereafter; and denied authorization of a hand specialist. The JCC concluded that McLane was entitled to recover attorney's fees, because the E/SA had controverted compensability until the day of the hearing.
McLane's attorney, Daniel Hightower, filed an affidavit asserting that 73.25 attorney hours and eight paralegal hours were expended, but did not allocate any of the time between himself and his associates. He testified that the temporary partial disability benefits secured were approximately $1,000, and the adjuster testified that the figure was $1,058.71.
The JCC awarded McLane $11,750 in fees. In his analysis of the factors under section 440.34(1), Florida Statutes (1991), the JCC concluded that claimant's attorney spent 46.75 hours securing the benefits at issue; the customary hourly rate in the area was between $125 and $175; the experience and ability of claimant's counsel in the face of the E/SA's skilled and aggressive defense warranted enhancement; and there was a degree of contingency that warranted enhancement. Then, in a two-page commentary, the JCC emphasized that "in addition" to his analysis of the above statutory factors, he considered enhancement of attorney's fees to be an appropriate means of sending a message to employers and carriers that mount an aggressive defense of all issues, warning *656 them that such defense will result in a higher attorney's fee. After that, the JCC concluded that a reasonable hourly rate was between $150 and $250, depending on the activity involved and the attorney performing it, with $45 for the paralegal time.
Although it was reasonable for the JCC to depart from the statutory formula and award claimant for the hours expended, in that the E/SA's defense required claimant's attorney to invest a large number of hours in the case, the JCC appears to have enhanced the hourly rate beyond the fee customarily charged, based primarily upon the fact that the E/SA chose to mount a vigorous defense. This court has expressly prohibited such a rationale for awarding fees. Regal Wood Prods. v. Baschansci, 603 So.2d 551 (Fla. 1st DCA 1992) (upward departure from statutory fee because the E/C contested the claim for various benefits, thereby requiring litigation, was erroneous, in that the E/C's defense was warranted, as shown by the fact that it prevailed on two of claimant's three arguments).
Moreover, because Hightower's fee affidavit does not state which attorneys performed which tasks, it is impossible to determine how the JCC calculated the award. On remand, the JCC should either clarify his order, or Hightower should submit a more detailed affidavit. See id. at 553 (because claimant's attorney's fee affidavit included time spent on activities not includable in a fee award, attorney was required on remand to "submit a detailed affidavit, including only the time spent on this claim").
The JCC also erred in awarding eight hours of paralegal fees. Section 57.104, Florida Statutes (1991), provides that in any action in which attorney's fees are awarded, the court shall consider the "time and labor of any legal assistants who contributed nonclerical, meaningful legal support to the matter involved." The paralegal portion of the affidavit lists time for fax transmissions and for numerous telephone conferences with the JCC's office and the E/SA's attorney's office. McLane did not establish that any of this time was nonclerical. In addition, the final entry is for preparation, copying, and filing the proposed order. The JCC, however, precluded Hightower from recovering any fees for his time spent preparing the proposed order; therefore, it is inconsistent to permit a fee for his paralegal's time. Although the JCC stated that he accepted the eight hours because there was no evidence to the contrary, it is claimant's burden to show entitlement to fees, and not that of the E/SA to disprove all allegations of entitlement. Kraft Dairy Group v. Sorge, 634 So.2d 720 (Fla. 1st DCA 1994).
We also grant appellant's cross-appeal in part. The JCC deducted 26.5 hours from Hightower's affidavit, yet expressly identified only 22.5 hours that were not includable. Accordingly, there is no competent, substantial evidence supporting the reduction of time by the additional four hours. We affirm the remainder of the JCC's reduction.
AFFIRMED IN PART, REVERSED IN PART, and REMANDED for further proceedings consistent with this opinion.
KAHN and DAVIS, JJ., concur.