933 So.2d 594 (2006)
SUNSHINE TOWING, INC., and FCCI Insurance Group, Appellants,
v.
Miguel FONSECA, Appellee.
No. 1D05-3258.
District Court of Appeal of Florida, First District.
June 14, 2006.
Diane B. Hernandez of Hernandez & Hicks, P.A., Fort Lauderdale, for Appellants.
Bill McCabe of Shepherd, McCabe & Cooley, Longwood, and Bill B. Berke, Cape Coral, for Appellee.
THOMAS, J.
Sunshine Towing, Inc., and FCCI Insurance Group ("E/C") appeal a final order of the Judge of Compensation Claims ("JCC") denying E/C's motion to involuntarily impose a lien as a condition precedent to making medically necessary modifications to Claimant's home. Because we find that the JCC did not err in determining there was no statutory or legal authority to involuntarily impose a lien on Claimant's home, we affirm.
Claimant was injured in a workers' compensation accident and is now a quadriplegic. E/C accepted Claimant's injury as compensable, provided treatment at an in-patient facility, and agreed that it was responsible for modifying Claimant's home to meet his medical needs under section 440.13(2)(a), Florida Statutes (2004). E/C sought to impose a lien to prevent unjust enrichment or repetitive expenses from a variety of causes, including, but not limited to, Claimant's sale of his home.
Workers' compensation is purely a creature of statute and, as such, is subject to the basic principles of statutory construction. McDade v. Palm Beach *595 County Sch. Dist., 898 So.2d 126, 128 (Fla. 1st DCA 2005) (citing Travelers Ins. Co. v. Sitko, 496 So.2d 920, 921 (Fla. 1st DCA 1986)). Where the legislature has used a term in one section of a statute but omitted the term in another section, the court will not read the term into the sections where it was omitted. Leisure Resorts Inc. v. Frank J. Rooney, Inc., 654 So.2d 911, 914 (Fla.1995).
Here, E/C is not entitled to involuntarily impose a lien because there is no statutory authorization for a lien. Section 440.13(2)(a) does not provide for a lien, nor does any other section that E/C cites. See J.J. Murphy & Son, Inc. v. Gibbs, 137 So.2d 553, 562 (Fla.1962) (explaining that workers' compensation "must be governed by what the statutes provide, not by what deciding authorities feel the law should be."). In addition, because the legislature used the term of imposing a lien in other areas of chapter 440 but not in section 440.13(2)(a), we cannot read this term into section 440.13(2)(a). See §§ 440.23 & 440.39(3)(a), Fla. Stat. (2004). Therefore, the JCC's order is AFFIRMED.
BENTON and POLSTON, JJ., concur.