954 So.2d 629 (2006)
Miguel RODRIGUEZ and The Law Offices of William F. Souza/William F. Souza, Appellants,
v.
GRADUATE PLASTICS, INC. and Valley Forge Insurance Company, Appellees.
No. 1D05-2508.
District Court of Appeal of Florida, First District.
December 18, 2006.
Rehearing Denied May 1, 2007.
William F. Souza, North Miami Beach, for Appellants.
Michelle Cabrera-Leon, Plantation, for Appellees.
PER CURIAM.
The parties in this workers' compensation proceeding mediated a lump sum settlement agreement. The settlement agreement required the employer/carrier, Graduate Plastics, Inc. and Valley Forge Insurance Company, to pay the claimant, Miguel Rodriguez, the sum of $9,000, from which claimant would then pay his attorney a fee of $1,600. In addition, in the settlement agreement, the employer/carrier agreed to pay claimant's attorney an additional $4,000 in attorney's fees. When the claimant failed to execute the settlement documents, the employer/carrier filed a motion to enforce. After a hearing, the Judge of Compensation Claims (JCC) entered an order finding that the parties had entered into a valid and enforceable settlement agreement. Neither the employer/carrier nor the claimant timely appealed this order.
Thereafter, pursuant to sections 440.20(11)(c), 440.20(11)(d), and 440.20(11)(e), Florida Statutes (2002), the JCC entered an order approving the attorney's fee to be paid to the claimant's attorney by the claimant in the amount of $1,600. There was no child support arrearage. See Jacobsen v. Ross Stores, 882 So.2d 431, 432 (Fla. 1st DCA 2004)(recognizing that the parties are entitled to enter into a settlement agreement, and the only part which requires approval by the JCC is that regarding the attorney's fees paid to the claimant's attorney by the claimant). The order did not address the payment of the additional fees.
Claimant has appealed contending that the JCC should have also ordered the employer/carrier to pay claimant's attorney *630 the $4,000 which was part of the settlement agreement. Under section 440.20(11)(c), however, "[t]he settlement agreement requires approval by the JCC only as to the attorney's fees paid to the claimant's attorney by the claimant." Although, it is clear from the record before us that, as part of the negotiated settlement agreement, employer/carrier has agreed to pay claimant's attorney $4,000, the JCC did not err in failing to include language in his order approving payment of the $4,000 additional fees. See Jacobsen, 882 So.2d at 432.
AFFIRMED.
BROWNING, C.J., WOLF and VAN NORTWICK, JJ., concur.