987 So.2d 1288 (2008)
Victoria MOORE, Appellant,
v.
HILLSBOROUGH COUNTY SCHOOL BOARD and Broadspire, Appellees.
No. 1D07-5398.
District Court of Appeal of Florida, First District.
August 21, 2008.
*1289 Laurie Thrower Miles of Smith, Feddeler, Smith and Miles, P.A., Lakeland and Susan W. Fox of Fox & Loquasto, P.A., Tampa, for Appellant.
Deanna A. Tedone of Barr, Murman, and Tonelli, P.A., Tampa, for Appellees.
PER CURIAM.
In this workers' compensation case, claimant, Victoria Moore, argues that the Judge of Compensation Claims (JCC) incorrectly (1) restricted her attorney fee to the statutory schedule and (2) denied her a full award of costs.
As to the first issue, claimant argues the JCC's award of a fee based upon the fee schedule was manifestly unfair. Our standard of review when deciding whether the factors listed in section 440.34(1), Florida Statutes (1994), were sufficient to justify a departure from the statutory fee is abuse of discretion. See Alderman v. Fla. Plastering, 805 So.2d 1097, 1100 (Fla. 1st DCA 2002). Here, the JCC's analysis of those factors is supported by competent, substantial evidence. Those findings will not be disturbed on appeal. See Frederick v. United Airlines, 688 So.2d 412, 413 (Fla. 1st DCA 1997). The award of the attorney fee is affirmed.
Claimant next argues that the denial of costs related to (1) testimony admitted into evidence but not relied upon to award benefits and (2) costs associated with legal assistants was error. A denial of costs is subject to review under an abuse of discretion standard. See Morris v. Dollar Tree Store, 869 So.2d 704, 707 (Fla. 1st DCA 2004).
The JCC denied costs related to the opinions of Barclay, Baker, Martinez, Gonzalez, Finley, and Hoffman because she did not rely upon these individuals in awarding benefits. In this regard the JCC erred as a matter of law. If the testimony was used in any way to support an award of benefits, the witness fees should be taxed to the E/C. See Raska v. Glasgow Contracting Co., 588 So.2d 307, 308 (Fla. 1st DCA 1991); Christopher v. Dobbs Houses, Inc., 411 So.2d 267, 267-268 (Fla. 1st DCA 1982); Stich v. Indep. Life & Accident Ins. Co., 139 So.2d 398, 400 (Fla.1962).
Finally, claimant challenges the denial of costs associated with legal assistants. Claimant had the burden to establish that time spent by these legal assistants was nonclerical. She failed to do so. The denial of these costs was not an abuse of discretion. See Dayco Prods. v. McLane, 690 So.2d 654, 655 (Fla. 1st DCA 1997).
The order is affirmed in all matters with the exception of the denial of costs related to the opinion testimony of Barclay, Baker, Martinez, Gonzalez, Finley, and Hoffman. On remand, the JCC shall determine whether each opinion was relevant to an issue.
AFFIRMED in part, REVERSED in part, and REMANDED, with directions.
BARFIELD, ALLEN, and THOMAS, JJ., concur.