ON MOTION FOR CERTIFICATION
 

 PER CURIAM.
 

 Appellant’s motion for certification is DENIED. On the merits, our opinion remains unchanged. We write only to clarify our opinion. Therefore, we withdraw our previous opinion and substitute this opinion in its place.
 

 Claimant’s attorneys challenge the Judge of Compensation Claims’ (JCC) order denying reimbursement for paralegal costs. They argue the JCC erred by finding he had jurisdiction to review costs to be reimbursed to claimant’s attorneys from settlement proceeds and that paralegal time is not a reimbursable cost but is, instead, included within attorney time. We affirm.
 

 A JCC lacks inherent judicial power, such as that given a court of general jurisdiction.
 
 See Pace v. Miami-Dade County Sch. Bd.,
 
 868 So.2d 1286, 1287 (Fla. 1st DCA 2004). The JCC only has the power expressly set out in chapter 440, Florida Statutes.
 
 Id.
 
 Section 440.33(1), Florida Statutes, directs that a JCC may “do all things conformable to law which may be necessary to enable the judge effectively to discharge the duties of his or her office.”
 

 A JCC is required to approve any attorney’s fee paid as a result of a settlement agreement.
 
 See
 
 § 440.20(11)(c), Fla. Stat. (2004);
 
 Eshlibi v. Consol. Box Mfg.,
 
 962 So.2d 377 (Fla. 1st DCA 2007);
 
 Rodriguez v. Graduate Plastics, Inc.,
 
 954 So.2d 629, 630 (Fla. 1st DCA 2007). The attorney’s fee is limited to a percentage of the benefits secured.
 
 See
 
 § 440.34(1), Fla. Stat. (2003).
 
 [1]
 
 A JCC “shall not approve ... a joint stipulation for lump sum settlement ... that provides for an attorney’s fee in excess of the amount permitted by this section.”
 
 Id.
 
 Because the JCC is authorized to do whatever is necessary to insure that a fee in excess of the fee schedule is not approved, the JCC had jurisdiction to determine whether what claimant’s attorney characterized as costs should have been included in the attorney’s fee.
 

 
 *500
 
 Analysis of the attorneys’ second argument, that paralegal time is a reimbursable cost, begins with a review of section 57.104, Florida Statutes, enacted in 1987, which reads in part:
 

 In any action in which attorneys’ fees are to be determined or awarded by the court, the court shall consider, among other things, time and labor of any legal assistants who contributed nonclerical, meaningful legal support....
 

 This section applies to workers’ compensation matters.
 
 See Dayco Prods. v. McLane,
 
 690 So.2d 654, 656 (Fla. 1st DCA 1997). Application of section 57.104, Florida Statutes, is mandatory when attorney fees are awarded.
 
 See Loper v. Allstate Ins. Co.,
 
 616 So.2d 1055, 1061 (Fla. 1st DCA 1993) (holding the trial court “disregarded the mandatory language in section 57.104” when it failed to consider the paralegal’s time as reflected in the affidavit filed by Loper’s attorney).
 
 [2]
 

 The attorneys’ argument that the question of costs is controlled by a retainer agreement envisioned by the rules regulating the Florida Bar is without merit. Rules “cannot alter, amend or eliminate” a substantive right.
 
 See Heymann v. Free,
 
 913 So.2d 11, 12 (Fla. 1st DCA 2005). Section 440.34(1), Florida Statutes, mandates that the retainer agreement not provide “for compensation [as to fees and costs] in excess of the amount allowed under this section.” Thus, a retainer agreement in a workers’ compensation matter must comply with both sections 440.34 and 57.104, Florida Statutes.
 

 Here, the JCC reviewed sections 57.104 and 440.34(1), Florida Statutes,
 
 Loper,
 
 and
 
 Dayco Products,
 
 and concluded paralegal time was included with attorney time. The change in section 440.34(1), Florida Statutes (2003), as it relates to attorney’s fees to be paid pursuant to a joint stipulation for lump sum settlement, altered the basis for determining the fee amount, requiring all fees be based solely upon benefits secured. That change did not alter the long-standing statutory requirement that paralegal time, when it provides “meaningful legal support,” be compensated within attorney time. Because paralegal time falls within the ambit of attorney time, the attorney fee paid as a part of lump sum settlement is based on the fee schedule now mandated by the statute and includes paralegal time within the award of attorney time. The JCC correctly concluded the charges for paralegal time were compensated within the statutory fee schedule and were not recoverable from claimant as a separate cost.
 

 AFFIRMED.
 

 KAHN, BENTON, and BROWNING, JJ., concur.
 

 [1]
 

 . The Supreme Court’s recent opinion in
 
 Murray v. Mariner Health,
 
 994 So.2d 1051 (Fla.2008), is not applicable here.
 
 Murray
 
 determined that when a claimant is entitled to recover attorney fees from an
 
 employer!earner
 
 "as provided by section 440.34(3)(a), (b), (c), or (d), the claimant is entitled to recover 'a reasonable attorney’s fee,’ ” and that
 
 employer/carrier
 
 paid fee is not limited by the formula set out in section 440.34(1), Florida Statutes.
 
 Id.
 
 at 1053. Here,
 
 claimant
 
 is paying a fee to his attorney pursuant to a lump sum settlement, a situation which
 
 is
 
 governed by section 440.34(1), Florida Statutes.
 

 [2]
 

 . This court recently applied
 
 Dayco Products,
 
 690 So.2d at 655, with its reliance on section 57.104, Florida Statutes, in a dispute involving a carrier paid fee, to affirm the JCC’s "denial of costs associated with legal assistants,” because the claimant’s attorney failed "to establish that time spent by these legal assistants was nonclerical.”
 
 See Moore v. Hillsborough County Sch. Bd.,
 
 987 So.2d 1288, 1289 (Fla. 1st DCA 2008).