THOMAS, J.
 

 Appellant appeals the Judge of Compensation Claims’ (JCC) order denying a motion for approval of attorney’s fees for lack of jurisdiction. We affirm.
 

 Appellant’s attorney successfully negotiated and resolved a reimbursement dispute with Humana Health Care Plan (“Humana”), Appellant’s health insurance company. Humana is not a party to this workers’ compensation proceeding. The attorney’s fee for these services was agreed to between Appellant and his attorney. Appellant’s attorney apprised the JCC of her fees for these services, which bore some relation to but were unconnected with this workers’ compensation proceeding, thus thwarting any potential allegations of wrongdoing.
 
 See Demedrano v. Labor Finders of Treasure Coast,
 
 8 So.3d 498 (Fla. 1st DCA 2009) (holding JCC had jurisdiction to determine whether charges assessed against workers’ compensation claimant as “costs” were, in fact, excessive fee). We agree with the JCC that the Florida Workers’ Compensation Law neither requires nor permits the JCC to rule upon fees payable for legal services not related to proceedings over which the JCC has jurisdiction.
 

 
 *40
 
 Under the Workers’ Compensation Law, the JCC is required to approve all fees paid for a “claimant in connection with any proceedings arising under this chapter.”
 
 See
 
 § 440.34(1), Fla. Stat. (2007). Moreover, section 440.105(3)(c), Florida Statutes (2007), makes it
 

 unlawful for any attorney or other person, in his or her individual capacity or in his or her capacity as a public or private employee, or for any firm, corporation, partnership, or association to receive any fee or other consideration or any gratuity from a person on account of services rendered for a person in connection with any proceedings arising under this chapter, unless such fee, consideration, or gratuity is approved by a [JCC] or by the Deputy Chief [JCC].
 

 Id.
 
 (emphasis supplied).
 

 While Appellant’s counsel may have provided valuable legal services in the dispute with Humana regarding a cause of action outside the scope of the JCC’s jurisdiction, it is contrary to the plain language of section 440.105(3)(c), Florida Statutes, to declare that the services were provided “in connection with any proeeeding[] arising under [the Florida Workers’ Compensation Law].” A “proceeding” is defined as “[t]he regular and orderly progression of a lawsuit, including all acts and events between the time of commencement and the entry of judgment.”
 
 Black’s Law Dictionary
 
 1221 (7th ed. 1999). The JCC has no legal jurisdiction to resolve Appellant’s dispute with Humana, even though it arose from the same facts as his workers’ compensation claim.
 
 See generally, Nat’l Airlines, Inc. v. Wikle,
 
 451 So.2d 908 (Fla. 1st DCA 1984).
 

 Accordingly, although Appellant, by agreement, owes his attorney a fee for the services provided regarding his dispute with Humana, such fees need not be approved by the JCC, notwithstanding the fact that the services might have produced a tangential benefit in the workers’ compensation proceeding.
 

 For the foregoing reasons, the order on appeal is AFFIRMED.
 

 PADOVANO and CLARK, JJ., concur.