WETHERELL, J.
 

 The employer/carrier (E/C) appeals a final order awarding Claimant approximately $62,500 in attorney’s fees and costs. The E/C contends that, in awarding the fees and costs, the Judge of Compensation Claims (JCC) erred in ignoring its verified response to Claimant’s fee motion because even though the response was not timely filed, the E/C presented good cause for the untimely filing. Because there are factual disputes on the issue of good cause that were not resolved by the JCC, we reverse and remand for further proceedings.
 

 Claimant was injured in October 2006 when a coworker accidentally sprayed de-greaser with acid on her face. Claimant sought workers’ compensation benefits, and in March 2009, a final order was issued awarding her an evaluation with a plastic surgeon for scars on her face. The order also found Claimant entitled to at
 
 *664
 
 torney fees and costs for securing that benefit, reserving jurisdiction to determine the amount.
 

 On December 3, 2010, Claimant filed a verified motion seeking an award of fees and costs, as contemplated by Florida Administrative Code Rule 60Q-6.124(3). The motion was served on the E/C by email that same date. Thus, the deadline for the E/C to file a response to the motion was Monday, January 3, 2011.
 
 [1]
 

 The E/C did not file a response to the motion until Friday, January 7, which was four days late. The response was filed the day after the JCC denied the E/C’s motion to continue the fee hearing that had been set for January 18. The motion to continue, filed on December 30, represented that the day after the fee hearing was noticed, the E/C’s counsel conferred with Claimant’s counsel, who had no objection to the fee hearing being rescheduled.
 
 [2]
 
 The order on the E/C’s motion to continue does not explain why the JCC denied the unopposed motion.
 

 The E/C agreed in its response to the fee motion that Claimant was entitled to an upward deviation from the statutory guideline attorney’s fee, but the E/C asserted that the fee- should be based on a rate of between $200 to $250 per hour (rather than the $350 to $400 per hour asserted in the motion) and that the total attorney’s fees should be no more than $15,000. The response also asserted that “Claimant’s counsel agreed to ... allow additional time to prepare the response to the Motion given the anticipated continuance [of the fee hearing].”
 

 The E/C later filed a verified “addendum” to its response in which it claimed that various time entries on which the fee request was based were secretarial, dupli-cative, irrelevant, excessive, or vague. The E/C subsequently filed a trial memorandum, in which it argued that the award requested by Claimant was excessive and should shock the conscience of the JCC because the benefit awarded to Claimant was worth only $1,350. The trial memorandum also explained the circumstances giving rise to the untimely filing of the response to the fee motion and asserted that Claimant was not prejudiced by the response being filed four days late.
 

 On January 7, the same day the E/C filed its response to the fee motion, Claimant filed a request for entry of an order awarding the fees and costs requested in its motion because, pursuant to rule 60Q-6.124(3)(b), the E/C’s failure to file a timely response to the motion was an “acceptance of the allegations in the motion as true.” Claimant included a proposed order with her motion. That same day, the E/C filed an objection to Claimant’s proposed order in which counsel again asserted that she had the good faith belief that Claimant’s counsel had agreed to an extension of time to respond to the fee motion.
 

 The fee hearing was held, as scheduled, on January 18. The E/C sought to introduce into evidence its verified response to the fee motion, and Claimant objected to it
 
 *665
 
 as untimely.
 
 [3]
 
 The E/C’s counsel responded that she believed Claimant had agreed to additional time for the E/C to respond to the fee motion in light of the parties’ agreement to continue the fee hearing. Claimant’s attorney replied that his office agreed to a continuance of the fee hearing but he knew nothing about an extension of time to respond to the fee motion. The E/C’s attorney offered to testify in support of her response to the fee motion, but the JCC denied the request.
 

 On January 26, the JCC issued a “Final Evidentiary Hearing Order Determining Amount of Attorney’s Fees and Costs” awarding Claimant $2,002.68 in costs and $60,550 in attorney’s fees. The fee award was based on the 173 hours and $350 hourly rate alleged in Claimant’s motion. The JCC found that “the date of the fee hearing (whether rescheduled or not) has no bearing on the time deadline imposed by 60Q-6.124(3) for the response to a motion for attorney’s fee hearing,” and that “the E/C’s mistaken interpretation of 60Q-6.124(3) does not qualify as ‘good cause’ ” for the untimeliness of the E/C’s response. The JCC then found that, pursuant to rule 60Q-6.124(3)(b), the allegations in the motion had been accepted as true and, as a result, she was “constrained” to award the amount requested by Claimant even though she found the hourly rate excessive based on the $200 to $250 hourly rate awarded in prior similar cases.
 

 The E/C timely filed a motion for rehearing in which it argued, among other things, that the JCC failed to address whether the E/C had good cause for the untimely filing of its response based on its “good faith but ultimately mistaken belief’ that Claimant’s attorney had acquiesced to an extension of the deadline for filing the response to the fee motion. The E/C also denied having made the argument that the JCC did address in the order — that the filing deadline in rule 60Q-6.124(3) was tied to the date of the fee hearing.
 
 [4]
 
 The JCC summarily denied the motion for rehearing. This appeal follows.
 

 It is undisputed that the E/C’s response to Claimant’s motion for attorney’s fees and costs was untimely. The issue is whether there was good cause to excuse the late filing. We review the JCC’s determination on this issue for an abuse of discretion.
 
 See Martinez v. Collier County Pub. Schs.,
 
 804 So.2d 559 (Fla. 1st DCA 2002) (concluding that the JCC abused his discretion in dismissing petition based on counsel’s failure to appear at a pre-trial conference where counsel showed good cause for his failure to appear);
 
 Carlton v. Wal-Mart Stores, Inc.,
 
 621 So.2d 451, 454 (Fla. 1st DCA 1993) (applying abuse of discretion standard in reviewing dismissal of complaint under Florida Rule of Civil Procedure 1.070Q), which requires dismissal of the action if complaint is not served within 120 days and plaintiff fails to show good cause for the untimely service).
 

 Where, as here, entitlement to an award of attorney’s fees and costs has been established, but the parties are unable to agree upon the amount to be awarded, rule 60Q-6.124(3) requires the party seeking
 
 *666
 
 the award to file a motion. The motion must include a statement of the facts relied upon in support of the motion; the statutory and legal basis relied upon; a recitation of all benefits secured for the claimant through the attorney’s efforts, including projected future benefits reduced to present value; the statutory fee based on the benefits secured; a detailed chronological listing of all time devoted to the claim, if applicable; and a detailed list of all taxable costs advanced or incurred.
 
 See
 
 Fla. Admin. Code R. 60Q-6.124(3)(a)l.-6. The party opposing the award is required to file a response to the motion detailing all matters that are disputed.
 
 See
 
 Fla. Admin. Code R. 60Q-6.124(3)(b). The response must be filed within thirty days after the motion is served, and the rule provides that “[fjail-ure to file a timely and specific response to a motion for attorney’s fees and costs ... shall,
 
 absent good cause,
 
 result in an acceptance of the allegations in the motion as true.”
 
 Id.
 
 (emphasis added).
 

 “Good cause” is not defined in rule 60Q-6.124 or any other workers’ compensation rule of procedure. The phrase is used in many other legal contexts and is generally defined as “a legally sufficient ground or reason” or “a substantial reason amounting in law to a legal excuse for failing to perform an act required by law.”
 
 Black’s Law Dictionary
 
 692 (6th ed. 1990);
 
 accord Carlton,
 
 621 So.2d at 454 (construing the phrase “good cause” in Florida Rule of Civil Procedure 1.070(j) to require “some showing of ‘good faith on the part of the party seeking an enlargement
 
 and
 
 some reasonable basis for noncompliance within the time specified’ ” rather than simple inadvertence or mistake of counsel or ignorance of the rules) (quoting
 
 Winters v. Teledyne Movible Offshore, Inc.,
 
 776 F.2d 1304, 1306 (5th Cir.1985)). We ascribe the same meaning to the “good cause” provision in rule 60Q-6.124(3) and, thus, the issue for the JCC was whether the E/C had a legally sufficient good faith reasonable basis for its failure to timely file a response to Claimant’s motion for attorney’s fees and costs.
 

 At the fee hearing, the JCC was presented with conflicting representations regarding the discussions between the parties’ attorneys. The attorney for the E/C represented that it was her understanding based on her conversation with Claimant’s counsel’s office that Claimant agreed to both a continuance of the fee hearing and an extension of the deadline for the response to the fee motion. Claimant’s attorney agreed there had been discussions on the continuance, but he denied any agreement on an extension of time for a response to the fee motion. The attorneys’ representations were not in the form of sworn testimony, but the representation made by the E/C’s attorney is consistent with the assertions in the response to the fee motion, which was sworn. Moreover, because the attorneys are officers of the court, their representations to the JCC were akin to sworn testimony, and because the attorneys’ conflicting representations raised a disputed issue of material fact regarding the reason for the E/C’s late filing of its response, the JCC should have received evidence and made findings on the issue in her order.
 

 We see no reason that attorneys cannot agree to extensions of the deadline in rule 60Q-6.124(3)(b) without the approval of the JCC, although it may be better practice to file a motion for extension of time. Here, with the benefit of hindsight, it is clear that the E/C’s attorney should have filed a motion for extension of time to respond to Claimant’s fee motion, either as soon as it became apparent that she could not meet the filing deadline or upon obtaining what she understood as consent
 
 *667
 
 from Claimant’s attorney to an extension of the filing deadline. But if the assertions made by the E/C’s attorney are true, her failure to do so is not entirely unreasonable because attorneys should be able to rely on each other’s representations. Whether this rises to the level of good cause is an issue for the JCC to determine in the first instance.
 

 Moreover, while we recognize the importance of complying with deadlines set by the workers’ compensation rules of procedure, the law favors resolution of cases on the merits, not by default. Resolution on the merits is particularly important here because, by operation of rule 60Q-6.124(3)(b), the JCC felt “constrained” to award a fee she found excessive
 
 [5]
 
 even though there does not appear to have been any prejudice to Claimant from the response having been filed four days late; indeed, the response was filed well in advance of the fee hearing and it substantially complied with the substantive requirements of rule 60Q-6.124(3)(b), thereby putting Claimant on notice of the issues in dispute and framing the issues to be resolved by the JCC at the fee hearing.
 

 In sum, for the reasons stated above, we reverse the order awarding attorney’s fees and costs and remand for further proceedings consistent with this opinion.
 

 REVERSED and REMANDED for further proceedings.
 

 THOMAS and SWANSON, JJ., concur.
 

 [1]
 

 . Rule 60Q-6.124(3)(b) requires the response to be filed "[wjithin 30 days after the motion is served.” Here, the 30th day fell on a Sunday, so the deadline was extended to the next day.
 
 See
 
 Fla. Admin. Code R. 60Q-6.109. The deadline was not further extended by rule 60Q-6.108(6) because that rule only provides an additional five days after "service of any pleading ... is made
 
 by mail ”
 
 (emphasis added), and, here, the motion was served by
 
 email,
 
 not U.S. Mail.
 

 [2]
 

 . The attorneys representing the parties in this appeal are not the same attorneys who appeared at the trial level, and when referring to the parties’ counsel, we are referring to trial counsel.
 

 [3]
 

 . The JCC did not rule on the objection at the hearing, but the final order lists all of the documents submitted by the E/C (including the response) as "documentary exhibits” as if they had been received into evidence.
 

 [4]
 

 . It appears that the JCC misunderstood the E/C’s argument because the E/C did not argue that the filing deadline in the rule was tied to the date of the fee hearing; rather, the E/C argued that the late filing of the response resulted from an apparent misunderstanding that because Claimant’s attorney agreed to a continuance of the fee hearing, he also had no objection to an extension of the filing deadline for the response.
 

 [5]
 

 . Based on our disposition of this appeal, we need not consider whether the JCC erred in approving a fee award that she found to be excessive.
 
 Cf. Jackson v. Ryan’s Family Steak House,
 
 27 So.3d 90 (Fla. 1st DCA 2010) (Hawkes, J., concurring) (suggesting that JCC has an independent duty to scrutinize fee motions so as not to award an excessive fee).