IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

PHILLIP S. LANE,

      Appellant,

v.

WORKFORCE BUSINESS
SERVICES, INC. F/K/A
EMPLOYEE LEASING
SOLUTIONS, SUPERIOR
COATINGS, INC., and
AMERICAN ZURICH
INSURANCE COMPANY,

      Appellees.

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D14-0959

_____/

Opinion filed November 12, 2014.

An appeal from an order of the Judge of Compensation Claims.
Margaret E. Sojourner, Judge.

Date of Accident: December 19, 2011.

E. Taylor Davidson of DiCesare, Davidson & Barker, P.A., Lakeland, and Joshua
M. Drechsel of Brumbelow Dreschel Law Group, Saint Petersburg, for Appellant.

H. George Kagan of Miller, Kagan, Rodriguez & Silver, P.L., West Palm Beach, for
Appellees.

PER CURIAM.

In this workers' compensation case, Claimant appeals an order by the Judge of Compensation Claims (JCC) which denies an award of attorney's fees under section 57.105, Florida Statutes (2013), as well as the reimbursement of the costs of litigation associated with videotaping two depositions. Because we find that section 57.105 is not applicable to original proceedings in workers' compensation claims brought under chapter 440, we affirm the denial of attorney's fees. We reverse, however, the denial of costs because the JCC applied an improper standard in determining whether the costs of a videographer were taxable.

In this case, the Employer/Carrier (E/C) denied compensability of Claimant's accident and injuries, prompting Claimant to file a petition for benefits seeking a determination as to his entitlement to benefits under chapter 440. Extensive litigation ensued. One day before the scheduled final hearing on Claimant's petition, Claimant and the E/C entered into a stipulation whereby the E/C accepted compensability of the claim. As a part of the stipulation, the E/C agreed to the payment of litigation costs and a statutory guideline attorney's fee under section 440.34, Florida Statutes (2011). Claimant also claimed an additional attorney's fee under section 57.105, and the parties agreed that the JCC would decide issues relating to Claimant's entitlement to such fees.[1] In the appealed order, the JCC denied the attorney's fees

_____

[1] Section 57.105 provides for an award of a reasonable attorney's fee in a civil

2

claimed under section 57.105, concluding that such fees were not awardable in workers' compensation proceedings before a JCC. The JCC also denied the entirety of the costs Claimant incurred in videotaping the depositions of two adverse witnesses who were instrumental in denying the compensability of the underlying claim.

The Florida Workers' Compensation Law, as set forth in Chapter 440, establishes the liability of an employer thereunder as exclusive and in place of all other liability to an injured employee. § 440.11, Fla. Stat. (2011). It is well-established that "[w]orkers' compensation is purely a creature of statute and, as such, is subject to the basic principles of statutory construction." Sunshine Towing, Inc. v. Fonseca, 933 So. 2d 594, 594-95 (Fla. 1st DCA 2006) (citing McDade v. Palm Beach Cnty. Sch. Distr., 898 So. 2d 126, 128 (Fla. 1st DCA 2005), and Travelers Ins. Co. v. Sitko, 496 So. 2d 920, 921 (Fla. 1st DCA 1986)); see also J.J. Murphy & Son, Inc. v. Gibbs, 137 So. 2d 553, 562 (Fla. 1962) (noting that workers' compensation "must be governed by what the statutes provide, not by what deciding authorities feel the law should be"). Chapter 440 does not provide the statutory authority for the application of section 57.105 — by either incorporation or indirect reference.[2]

---

proceeding or action where the losing party or the losing party's attorney knew, or should have known, that a claim or defense was not supported by the necessary material facts. § 57.105(1), Fla. Stat. (2013).

[2] Claimant makes much of this Court's decision in Demedrano v. Labor Finders of

We reject Claimant's argument that the attorney's fee provisions of section 57.105 are intended to supplement the provisions of chapter 440 with an additional sanction or remedy. The essentially self-contained workers' compensation law in chapter 440 already provides a host of specific sanctions and remedies which includes attorney's fees for frivolous claims and defenses under section 440.32, Florida Statutes (2011). Furthermore, section 57.105 contains no suggestion of legislative intent to include workers' compensation cases. In 2003, the Florida Legislature amended section 57.105 to include, specifically, an award of reasonable attorney's fees for baseless claims and defenses raised in administrative proceedings under chapter 120. See § 57.105(5), Fla. Stat. (2003). No similar amendment was made which would expressly include workers' compensation cases. Under the doctrine inclusio unius est exclusio alterius, an inference must be drawn that the Legislature did not intend to include workers' compensation trial proceedings within section 57.105. See Gay v. Singletary, 700 So. 2d 1220, 1221 (Fla. 1997). We

---

Treasure Coast, 8 So. 3d 498, 500 (Fla. 1st DCA 2009) (citing Dayco Prods. v. McLane, 690 So. 2d 654, 656 (Fla. 1st DCA 1997)). In Demedrano, this Court held that section 57.104—which provides that the time and labor of legal assistants should be considered in the computation of an award of attorneys' fees—applies in workers' compensation cases. The holdings in both Demedrano and Dayco concern only section 57.104 and the means by which an attorney's fee award is to be calculated; this Court has never held that the attorney fee entitlement provision in section 57.105 applies to workers' compensation cases. For the reasons stated herein, we decline to extend the holding in these decisions to permit JCCs to award attorney's fees under section 57.105.

4

conclude, therefore, that the JCC properly denied Claimant an award of attorney's fees under section 57.105.

The JCC, however, improperly denied Claimant reimbursement for any and all of the costs for the two videotaped depositions. Section 440.34(3), Florida Statutes (2011), provides that "[i]f any party should prevail in any proceedings before a [JCC] or court, there shall be taxed against the non-prevailing party the reasonable costs of such proceedings." In the final order here, the JCC noted that there was no showing that the witnesses (both of whom were individuals responsible for the denial of Claimant's workers' compensation case) would be unavailable for final hearing requiring Claimant to place the video depositions in evidence in lieu of live testimony. The JCC also commented that Claimant's attorney testified that a civil suit was being contemplated and video depositions are often used in a civil trial. The JCC did not make any other relevant findings, including whether the elicited testimony was unnecessary or whether the cost was in excess of what is normally charged for a videotaped deposition: i.e., whether the costs were reasonably expended in pursuing workers' compensation benefits.

"A denial of costs is subject to review under an abuse of discretion standard." Moore v. Hillsborough Cnty. Sch. Bd., 987 So. 2d 1288, 1289 (Fla. 1st DCA 2008) (citing Morris v. Dollar Tree Store, 869 So. 2d 704, 707 (Fla. 1st DCA 2004)). Failure to apply the correct legal standard is grounds for reversal. Village of

N. Palm Beach v. McKale, 911 So. 2d 1282, 1283 (Fla. 1st DCA 2005) (reversing a finding of compensability where JCC applied incorrect evidentiary standard); see also Cromartie v. City of St. Petersburg, 840 So. 2d 372, 375 (Fla. 1st DCA 2003) (reversing and remanding denial of compensability of psychiatric injury where it was unclear whether JCC applied correct standard of causation). Here, the JCC implied that the cost of videotaping the depositions was not reimbursable without proof that the witnesses would be unavailable to testify live at the final hearing. The JCC did not consider, as she should have, the reasonableness of Claimant's strategic decision to videotape the testimony of adverse witnesses who might later testify and be cross-examined using the videotaped depositions. Thus, the JCC used an improper standard by concluding the costs of a videographer could be awarded only if Claimant proved that the witnesses could not appear at trial. Further, Claimant could not be assured of any witness's appearance, and is not obliged to be clairvoyant. The JCC's findings here also seemed to suggest that the costs were not subject to reimbursement because the depositions might later be used in a civil lawsuit. Costs incurred exclusively for a purpose unrelated to the workers' compensation claim certainly would not be reimbursable; however, the fact that the depositions here may ultimately serve a dual purpose is not enough to preclude the associated expense as a reasonable cost in the pursuit of workers' compensation benefits.

In summary, we AFFIRM that portion of the final order denying attorney's fees under section 57.105. We REVERSE, however, the denial of costs associated with the videotaped depositions, and REMAND for application of the reasonableness standard set forth in section 440.34(3).

LEWIS, C.J., CLARK and MARSTILLER, JJ., CONCUR.