PER CURIAM.
In this workers’ compensation case, Appellant Walker, Claimant’s former counsel, appeals an order of the Judge of Compensation Claims (JCC) awarding him and his law firm Claimant-paid costs in an amount less than the total of $40,000 held in trust for payment of such costs. In his affidavit of costs, Walker claimed total costs incurred in excess of $55,000 for handling multiple workers’ compensation cases for Claimant as well as a federal wage and hour claim. On appeal, however, Walker argues that the JCC lacked jurisdiction to adjudicate any of the costs associated with the workers’ compensation cases. We find that the JCC had jurisdiction to address the costs related to Claimant’s settlement of his workers’-compensation claims under section 440.34, Florida Statutes (2003), and this court’s decision in Demedrano v. Labor Finders of Treasure Coast, 8 So.3d 498, 499 (Fla. 1st DCA 2009). We also find that the JCC appro *255 priately concluded that she did not have jurisdiction over costs associated with the federal wage and hour claim because it was not directly related to the workers’ compensation cases.
In contrast, the JCC reversibly erred when she ruled against Walker with regard to the Claimant-paid costs associated with a pending appeal relating to an award of attorney’s fees and costs payable by the Employer/Carrier (E/C) under the terms of a settlement. At the time of the evidentiary hearing in the instant case, the issue of Claimant-paid appellate costs was not ripe. Further, due to the pending nature of the related appeal, the JCC had no jurisdiction over this particular appellate cost issue. See Fla. R. App. P. 9.180(c)(1).
As to the determination of the amount of reimbursable costs, Walker’s primary challenge here concerns the $17,223.46 in undifferentiated “monthly” photocopy charges which were disallowed by the JCC. In the order on appeal, the JCC found that she was unable to discern the purpose of the photocopying because Walker failed to correlate the photocopy charges to specific dates or services provided to Claimant. Thus, it appears that the JCC disallowed the photocopy charges based, in part, on the application of the standard on copying charges as a taxable litigation cost payable by the E/C, rather than the standard for nontaxable costs owed by Claimant. On the other hand, the JCC correctly recognized the application of Florida Administrative Codé Rule 60Q-6.123(5), which mandates that “[t]he judge shall consider the disclosed costs to the extent necessary to determine they do not include the attorney’s overhead or other fees.” Because the need to discern the purpose of photocopying is equally important in the determination of attorney’s overhead, any error in the JCC’s analysis here falls under the “tipsy coachman” rule.
Based on the foregoing, we AFFIRM the order, in part, and REVERSE that portion of the JCC’s order disallowing costs for the pending appeal. Accordingly, we MODIFY the order on appeal by striking the ruling on costs associated with the pending appeal and by striking the decre-tal portion of the order directing Walker to reimburse Claimant $23,946.71 of the $40,000 held in trust.
LEWIS, C.J., BENTON and THOMAS, JJ., concur.