RAY, J.
In this workers’ compensation appeal, Appellant, the former attorney for Claimant, argues the Judge of Compensation Claims (JCC) erred in denying his motion to strike the Employer/Carrier’s (E/C’s) untimely response to Appellant’s petition *131 for attorney’s fees and costs. Because the E/C failed to establish good cause for the late filing, the -JCC had no discretion to reduce the amount- of Appellant’s legally sufficient claim for attorney’s fees and costs. Nonetheless, the. JCC did not err in declining to award payment for legal assistants’ -time, as the petition failed' to establish a prima facie -legal basis for such an award. Accordingly, the final compensation • order awarding fees and costs- is. affirmed in part and reversed in part. ■
I.
Appellant filed with the JCC and served on the E/C an amended verified petition for attorney’s fees and costs on September 19, 2014. Appellant alleged that as a result of both his and his firm’s legal services, medical and indemnity benefits were secured for Claimant for which attorney’s fees were owed, payable by the E/C (the legal services included discovery and three merit hearings). Appellant sought three awards: (1) payment of an attorney’s fee for 129.68 hours at the rate of $275 per hour, or $35,662; (2) payment for legal assistants’ time for 327.57 hours at varying rates (ranging from $46 per hour to- $64 per hour),- or $19,276.72; and (3) costs totaling $11,252.56. The value of the benefits secured was alleged to be $34,261.92.
The E/C filed its verified response on February 6, 2015, bearing an October 16, 2014, certificate of service date. In its response, the E/C alleged that if a statutory guideline fee was not applicable, the reasonable number of hours expended would be 64.75 for a total fee of $12,375; that no time should be awarded for the legal assistants’ time, as those entries were duplicative of attorney time or were otherwise vague; and that the cost reimbursement should be $3,541.50.
On February 27, 2015, Appellant filed a motion to strike the E/C’s factual .defenses on grounds the. E/C failed to serve its verified response within thirty days of service of. Appellant’s motion, and thus Appellant’s allegations.as set out in his verified petition should be accepted as. true. On March 5, 2015, the E/.C filed its objections to Appellant’s motion, alleging, that the response was completed and notarized on October 16, 2014, and “[tjhat after finalizing the Verified Response and having it notarized, the undersigned gave the document to an assistant in the office and askéd that the document be e-filed in the case. ' However, the assistant mistakenly placed the document directly into the file, without filing it with the Court or serving it on [Appellant].” The É/C alleged the response was e-filed as-soon as the error was-discovered. The E/C also alleged that Appellant was not prejudiced by this delay.
The JCC heard argument on Appellant’s motion to strike at the start of the March 9, 2015, hearing on the amended verified petition and advised the parties that she was denying the motion. In her order, the JCC explained her oral ruling:
E/C claimed there was good cause for its failure to file the response timely because, while it was prepared 10/16/14, it was inadvertently not filed and not served on Attorney- Nelson until 2/6/15. E/C argued there was no prejudice to Attorney Nelson’s claim resulting from the late filing, an argument I apcepted because the affidavit was, filed 30 days before final hearing and Attorney Nelson did not require or request additional time or discovery in order to prepare for the fee hearing because.of .the late filing. Further I have not known E/C’s counsel to repeatedly or frequently violate procedural rules; .in fact, I could not recall a prior instance where, he or his firm have been dilatory or, late in making required filings. I recognize that mere inadvertence is not generally good cause *132 excusing untimely performance of a mandatory act. Nonetheless I DENIED Attorney Nelson’s motion for the reasons set out above and because of the method in which Attorney Nelson prepared his affidavit. Mr. Nelson’s firm does not keep contemporaneous time records for attorneys.
After review of the evidence, the JCC found that 9.06 hours should be deducted from the 129.68 attorney hours claimed, concluding that 120.62 hours were reasonable. Using an hourly rate of $175 per hour for attorney time expended through 2011, and $200 per hour thereafter, the JCC found a reasonable fee was $21,501.
The JCC did not award any of the paralegal time, finding that the “time was either clerical/secretarial in nature or duplicated activities performed by attorneys for which [the JCC] already awarded fees. It was impossible to tell, for the most part, what paralegal time was directly connected with benefits secured.” The JCC reduced the cost reimbursement amount to $4,047.93, subtracting those amounts she determined were related to claims for which Claimant did not prevail.
II.
Florida Administrative Code Rule 60Q-6.124(3)(b) provides:
Within 30 days after the motion [for payment of disputed attorney’s fees and costs] is served, the opposing party or parties shall file a verified response to the motion which includes a detailed recitation of all matters which are disputed in the form outlined in subparagraphs (3)(a)l.-6. Failure to file a timely and specific response to a motion for attorney’s fees and costs detailing matters that are disputed shall, absent - good cause, result in acceptance of the allegations in the motion as true.
This Court addressed-the question of what constitutes “good cause” in three recent cases. In Morrison Management Specialists v. Pierre, 77 So.3d 662 (Fla. 1st DCA 2011), we acknowledged that “good cause” requires “some showing of ‘good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance with the time specified’ ” rather than simple inadvertence or mistake of counsel or ignorance of the rules.” Id. at 666 (quoting Winters v. Teledyne Movible Offshore, Inc., 776 F.2d 1304, 1306 (5th Cir.1985)). In Sapp v. Miami-Dade Police Department (Sapp I), 82 So.3d 212, 212-13 (Fla. 1st DCA 2012), the appealed order was reversed and the matter remanded to the JCC to determine “whether the [E/C] had good cause for the lack of specificity of its initial response to Claimant’s fee motion, or for the untimeliness of its amended response to Claimant’s fee motion, and for a ruling on fees given that finding, as to good cause.” In Sapp v. Miami-Dade Police Department (Sapp II), 98 So.3d 1273 (Fla. 1st DCA 2012), this Court reversed and remanded for entry of an order awarding a fee of $45,990, explaining:
Under this court’s remand in Sapp I, onee the JCC determined that no good cause existed to excuse the self-insured Employer’s failure to comply with Florida Administrative Code Rule 60Q-6.124(3)(b), the. JCC had no discretion to reduce the attorney fee award here, as the legal sufficiency of Claimant’s fee petition was not at issue.
III.
A JCC’s determination of whether the E/C demonstrated good cause for not timely filing a response to a verified petition for attorney’s fees and costs is reviewed for abuse of discretion. See Pierre, 77 So.3d at 665. Here, the JCC “recognize[d] that mere inadvertence is *133 not generally good cause excusing untimely performance of a mandatory act.” Yet the JCC, understandably trying to balance the competing equities at hand, denied Claimant’s motion to strike based on a combination of inadvertence by the E/C, lack of prejudice to Claimant, and the method Appellant used in preparing his affidavit. The JCC did not, however, find that the E/C demonstrated good cause to excuse noncompliance with the filing requirements of the rule.
In accord with this Court’s conclusion in Sapp II, the JCC here abused her discretion in denying the motion to strike after finding that the untimely filing of the response was due to “mere inadvertence.” It follows that the reductions in the attorney’s fee and costs should be reversed as the JCC should have accepted Appellant’s allegations regarding the reasonable attorney’s fee and costs as true.*
IV.
Turning to the JCC’s denial of an award for any of the paralegal time, we affirm. It was Appellant’s burden to prove that the paralegal time was, in addition to being necessary to the procurement of the benefits, “nonclerical, meaningful legal support to the matter involved.” Dayco Prods. v. McLane, 690 So.2d 654, 656 (Fla. 1st DCA 1997) (quoting section 57.104, Florida Statutes (1991)). The verified petition simply stated that “this firm was required to expend approximately 327.57 hours in legal assistant time as itemized below,” but the motion does not set forth a prima facie statement that the paralegal time was spent engaging in nonclerical legal efforts. A review of the itemization attached to the verified petition does not make it clear what time was clerical and what time, if any, was “nonclerical, meaningful legal support.” That is to say, even if the JCC was required to accept as true the allegation that 327.57 hours of legal assistants’ time were expended, it does not follow that such time is reimbursable under the law. Thus, the JCC did not abuse her discretion in denying the paralegal time.
Based on the foregoing, we AFFIRM in part and REVERSE in part, and REMAND for entry of an order awarding Appellant an attorney’s fee of $35,662 and an award of costs in the amount of $11,252.56.
WETHERELL and ROWE, JJ., concur.

 This case does not involve allegations that the attorney’s fee was unconscionable or outrageous. Indeed, the amount awarded by the JCC was relatively close to what was claimed. This Court has affirmed a JCC’s reduction of a claimant’s attorney’s time because the JCC found "the claimed fee was clearly excessive and unconscionable.” Jackson v. Ryan’s Family Steak House, 27 So.3d 90, 90 (Fla. 1st DCA 2010). In his concurrence, Chief Judge Hawkes, while acknowledging case law that discusses the limitations placed on JCCs when determining attorney’s fees, noted:
Nevertheless we have never imposed such restrictions to an extent that would require a JCC to abandon common sense, good judgment, or his statutory role as the arbiter of reasonableness so as [to] allow the award of an unconscionably excessive fee. To the contrary, no court is obliged to approve a judgment that is so manifestly unjust that it offends the judicial conscience.
Id. at 92 (Hawkes, C.J., concurring).